(15 App. Div. 415.)

KOKE v. BALKEN et al.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

ELECTION OF REMEDIES—ACTION IMPROPERLY BROUGHT.

It was not an election of remedies to sue to set aside a deed for fraud instead of foreclosing a purchase-money mortgage taken on the premises conveyed, where judgment was rendered in favor of defendants.

Appeal from special term.

Action by Elizabeth F. Koke against Frank Balken and others to foreclose a mortgage.   There was a judgment in favor of plaintiff, and defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. R. Martin, for appellants.

J. T. Marean, for respondent.

VAN BRUNT, P. J.   In 1873 one John Balken and Frederick C. Koke became owners as tenants in common of the mortgaged premises. They erected thereon a five-story building.   Mr. Koke died in 1876, intestate, leaving, him surviving, eight children, his heirs at law, then infants, and all now living, and since 1893 of full age, and a widow, the plaintiff, who was appointed his administratrix, and who still remains such administratrix.   The property was subject to a purchase-money mortgage for $10,000, and Mr. Koke had mortgaged his one-half share by a second mortgage for $1,500, which fell due in March, 1878.   Mrs. Koke was unable to pay it, and on the 21st of February, 1878, she executed a contract as administratrix to sell said one-half belonging to the estate of the intestate to John Balken for the sum of $9,175, to be paid as follows:   The sum of $6,500 by the assumption of mortgages, the sum of $2,500 by Balken's bond secured by a mortgage on the premises, and the sum of $175 in cash on the delivery of the deed.   This contract provided that the deed was to be delivered as soon as a decree of the surrogate of the city and county of New York could be obtained for a sale of the premises.   Mr. Balken then procured an assignment to his wife of the mortgage of $1,500, and this mortgage was foreclosed by Mrs. Balken as the best way of making title.   The property was sold by the referee, and conveyed to Mr. Balken.   Thereupon he paid the $175 in cash, and gave to the administratrix, the plaintiff, a mortgage for $2,500.   This mortgage was soon after satisfied, and a new bond and mortgage given in substitution therefor, in which Mrs. Balken joined as mortgagor.   On the 28th of September, 1880, John Balken died, leaving seven children, the defendants in this action, his heirs at law.   In 1890, Gustave A. Koke, the eldest of the eight children, became of age, and requested the payment of the mortgage.   An arrangement was made by which

an assignment was to be made of the mortgage, and the money paid. The counsel for the proposed assignee raised an objection in respect to the service of the infant defendants in the suit to foreclose the $1,500 mortgage, and requested the eight Koke heirs to execute a release. This they refused to do, and the transaction consequently fell through. Thereafter no interest was paid on the mortgage. On the 18th of March, 1891, seven of the Koke children having become of age, and one being still a minor, they commenced an action to recover title and possession of their half of the property, with the rents, etc., against the heirs of Balken, on the ground of fraud in the contract. This action was tried at the special term, and judgment was entered in favor of the defendants. Upon appeal it was affirmed at the general term, and upon further appeal to the court of appeals it was again affirmed. No interest having been paid upon the mortgage, this action was commenced to foreclose the same. The defendants contended that the plaintiff was barred in this action because, in 1891, the plaintiff's children, as heirs of their father, sued the defendants to recover back the land on the ground of fraud, and because the plaintiff, and those whom she represents, had, with full knowledge of all the facts, elected to treat the contract and conveyance to Balken as void, and that the plaintiff could not now enforce a mortgage given in pursuance of such contract. We do not think that the doctrine of election has any application to the facts as above stated. The plaintiffs in the action to set aside the transaction upon the ground of fraud thought that they had a right to elect; but the court decided that they had not, and hence it is somewhat difficult to see how an election could be made when the party who had attempted to make it had no right to do so. Their procedure was merely a futile attempt to set aside a transaction which the court held they had no right to attack. It is certainly a somewhat novel proposition that a party who unsuccessfully attacks a contract upon the ground of fraud loses all rights under the contract which has been established against his will.

The judgment should be affirmed, with costs. All concur.