GILSEY et al. v. KEEN et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. LANDLORD AND TENANT—ACTION FOR RENT—ANSWER—DEFENSES—COUNTERCLAIM.

Where, in an action for rent of a hotel, defendant pleaded fraudulent representations, inducing the execution of the lease, as a separate answer and defense, and not as an equitable counterclaim for the rescission of the lease, the facts could not be used as a counterclaim for such rescission, though they were sufficient as such counterclaim if pleaded as such.

2. SAME—ASSIGNMENT.

Where the landlords' consent to an assignment of a hotel lease by the lessee was procured merely for the purpose of preventing a forfeiture, the lessee remained liable for the rent, and was not entitled to retain the proceeds of his assignment to a hotel corporation, which remained in possession, and plead fraud, inducing the lease, as an equitable counterclaim.

Appeal from Trial Term, New York County.

Action by Henry Gilsey and others against Albert R. Keen and others. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Louis O. Van Doren, for appellants.
Sol. Kohn, for respondents.

LAUGHLIN, J. The action is brought to recover the sum of $6,250, the rent reserved for the month of May, 1904, under a lease of the Gilsey House made on the 29th day of February, 1904, by the plaintiffs, the owners, to the defendant Keen, for the term of seven years and two months from the 1st day of March, 1904, and by him duly assigned to the defendant company, with the consent of the landlords, on the day the term commenced.

The plaintiffs allege that the lessee entered into possession under the lease, but this is denied in the answer, and stands unproved.

It is also alleged that the assignee of the lease took possession under the assignment the day the term commenced, and occupied the premises during the month in question; and this is admitted. The defendants jointly pleaded as a separate defense that the execution of the lease and the giving of security therefor were induced by false and fraudulent representations on the part of the plaintiffs and their former tenant, acting in concert with them—setting forth the facts in detail—concerning the former tenant's reason for desiring to surrender his lease, the amount and profitableness of the business done by him, his receipts and running expenses, and the then state and value of the business; that it was part of the agreement by which the lease was to be executed that the plaintiffs should purchase of their former tenant the furniture, and transfer the same to the defendant Keen for the consideration of $50,000, $25,000 of which was to be paid in cash, and notes were to be given for the other half; and that the title to the furniture was to remain in the plaintiffs until paid for, and the furniture was to stand as security for the rent and not to be removed from the premises. The defendants also pleaded, as part of the same separate defense, that it was part of the agreement and understanding with the plaintiffs that a new corporation should be organized, with a capital of $200,-000, by the defendant Keen and one Lancaster, to operate both the Gilsey House and the Edgemere Hotel, then under lease to the Sea Beach Improvement Company; that Keen and Lancaster were to procure a lease of the Edgemere Hotel from the latter company, in consideration of the issue of $100,000 of the stock of the new company, to the defendant Keen, for the same period for which the lease of the Gilsey House was to be taken, and that Keen should assign both leases to the new company; that the lease of the Edgemere Hotel was to be assigned by the new company to the plaintiffs as security for the lease of the Gilsey House; that Lancaster was to become surety to the plaintiffs on the lease to the defendant Keen to the extent of $37,000 and the payment of the notes for one-half the furniture; that the defendant Keen should assign to the new company the lease of the Gilsey House, and he and Lancaster should each acquire and deposit with the plaintiffs, as further security for the lease of the Gilsey House, $50,000 of the capital stock of the new company; that the defendant Keen and said Lancaster also agreed to pay the Gilsey House servants and help for the month of February, 1904, and charge the amount against the supplies, provisions, wines, and liquors left on the premises by the former tenant on March 1st, and pay the balance of the inventory value; that the defendants Keen and said Lancaster relied upon said false and fraudulent representations, and, relying thereon, fully executed and performed the contract on their part, except that the method of making payments was in some respects modified by consent; that the defendant Keen also, on the day he assigned the lease, assigned his interest in the furniture to the defendant company; that the former tenant assigned to the plaintiffs certain subleases of stands and privileges in the hotel, and the plaintiffs assigned them to the defendant company; that the defendant company paid the

rent for the month of March; and that the defendants and said Lancaster discovered the fraud on or before the 26th day of April, 1904. The defendants further set up in said separate answer and defense that as soon as they and said Lancaster discovered that these representations were false and fraudulent they demanded of the plaintiffs the cancellation and rescission of the lease, and thereafter, and on or about the 3d day of May, 1904, gave the plaintiffs a notice in writing offering possession of the hotel, and demanded the rescission and cancellation of the lease, and offering and demanding the rescission, cancellation, return, and surrender of all the instruments in writing delivered between the parties. In the same separate answer and defense the defendants offer and tender to the plaintiffs for surrender and cancellation the lease of the Gilsey House, the consent of the plaintiffs to the assignment thereof, the subleases and assignments thereof, the agreement for the sale of the furniture and the assignment thereof, and the agreement that the furniture should remain as security and the assignment thereof, and tender immediate possession of the furniture, appliances, and fixtures of the hotel as a going concern, and offer to execute a reassignment or any other writing necessary to restore the parties to their original position. Judgment is demanded that the complaint be dismissed, and that the lease of the Gilsey House, and all of said assignments, transfers, or agreements executed in connection therewith, be canceled and annulled, and that the parties be restored to their former position, and that the plaintiffs be ordered to return to the defendant company the rent paid for the month of March, and interest thereon, and to reimburse it for all expenses incurred under the lease, and the difference between the receipts of the hotel and the expenses of operation for the month of March, and to repay the defendant company the amount paid as purchase price of the furniture, with interest, and to return the notes given for the balance of the purchase price thereof, and to return the lease of the Edgemere Hotel, and "that an account be taken of the loss and damage caused to the defendants herein, and each of them, by reason of the execution and delivery of the instruments, and the payment of the sums of money as mentioned and described" in the answer.

The court having declined to permit the defendants to show the facts set up in this separate answer, the decision can only be sustained if it would have been correct had the facts been established. In effect, therefore, the question presented by the appeal is the same as if a demurrer had been interposed to the separate answer and defense as insufficient in law. It is doubtful whether the defendants are in a position to demand a rescission of the lease and other documents and transfers depending thereon, for the assignee of the lease remained in possession, and the offer to surrender possession was not unconditional, but was coupled with a demand for a rescission. It is unnecessary, however, to determine the sufficiency of the defense in that regard, if otherwise properly pleaded, for the facts are pleaded, not as an equitable counterclaim for a rescission,

although a rescission is demanded, but as a separate answer and defense. The plaintiffs were under no obligation to interpose a reply to a separate answer and defense, and they did not; but if the facts had been pleaded as an equitable counterclaim, the plaintiffs would, if they did not reply thereto, be deemed to have admitted the same. The rule of law is well settled that facts pleaded as a defense merely may not be used as a counterclaim, even though they would be sufficient as a counterclaim if so pleaded. Acer v. Hotchkiss, 97 N. Y. 408; Rice v. Grange, 131 N. Y. 152, 30 N. E. 46.

The appellants contend, however, that, even though the recovery must be sustained as against the hotel company on account of its failure to plead these facts as an equitable counterclaim, still they constitute a defense in favor of the defendant Keen. This contention appears to be based upon the theory that the defendant Keen never having personally entered into possession, and the lease having been assigned with the consent of the landlords for the whole period, Keen's liability to the plaintiffs is merely that of a surety for the payment of rent, and that he may, on the ground of fraud, avoid his liability without restoring possession, and regardless of whether or not his assignee restores or offers to restore possession. We regard this contention as illogical and unsound. The consent of the landlord to the assignment of the leases merely had the effect of preventing a forfeiture. The defendant Keen remained liable for the rent. He cannot retain or receive the fruits of his assignment to the hotel company which remains in possession and refuse to pay the rent to the plaintiffs. He cannot avoid his covenant on the theory that it was procured by fraud, unless his assignee rescinds the contract and restores possession. The position of both defendants, in the form in which they have interposed the pleading, is that possession may be kept from the landlords, and payment of the rent refused, upon the ground that the execution of the lease was obtained through fraud. We are of opinion that they cannot avoid their obligations on account of failure to withdraw from the premises and surrender possession to the landlord, or to plead the facts as an equitable counterclaim, to the end that the lease under which they are in possession might be rescinded by the court if the facts pleaded should be established and should be deemed a sufficient tender and offer of restoration.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.