## ORTIZ v. CORNELL.

(Supreme Court, Special Term, Westchester County.   September, 1908.)

PLEADING (§ 167*)—DEFENSE OR COUNTERCLAIM.

> Where matters alleged in an answer may constitute both a defense and a counterclaim, but are by express nomination pleaded as a defense only, they must be treated as such, and not as a counterclaim, at least as far as the question turns on the want of a reply, though the prayer is for an affirmative judgment, as well as for judgment appropriate to a defense.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 329; Dec. Dig. § 167.*]

Action by Lester E. Ortiz against Edwin T. Cornell, as committee of the person and property of Frank S. Cornell, an incompetent person. Defendant's motion for judgment denied.

Burton C. Meighan, for the motion.
Chester M. Elliott, opposed.

MILLS, J. This is a motion made by the defendant for judgment for the sum of $100 and interest upon a counterclaim for that amount claimed to be alleged in the answer, upon the ground that the plaintiff has failed to serve a reply to such counterclaim and that his time so to do has expired. The facts that no reply has been served and that such time has expired are admitted.

In the answer the allegations now claimed by the defendant to constitute such counterclaim are by express nomination therein pleaded "for a second and separate defense." It seems to be well established that, where such allegations may constitute both a defense and a counterclaim, and they are in the answer by express nomination pleaded as a defense only, they must be treated as such, and not as a counterclaim, at least where the question turns upon the want of a reply, although, in the prayer for relief, affirmative judgment is demanded, as well as judgment appropriate to the maintenance of a defense, namely, the dismissal of the complaint. Acer v. Hotchkiss, 97 N. Y. 395, 408; Equitable Life Insurance Co. v. Cuyler, 75 N. Y. 511, 514; Gilsey v. Keen (No. 1, First Dept.) 104 App. Div. 427, 431, 93 N. Y. Supp. 783, 785.

Of the several cases cited by the defendant's counsel in his brief, those of Metropolitan Trust Co. v. Tonawanda, etc., R. R. Co., 43 Hun, 521, and McCrea v. Hopper, 35 App. Div. 572, 55 N. Y. Supp. 136, seem to more nearly sustain the defendant's contention here; but in each case it appears that the allegations in the answer claimed to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

constitute a counterclaim did not in their nature as well constitute a defense. They amounted to an attempt by the answer to foreclose a senior mortgage held by the answering defendants, and such an effort in its very nature constituted an attempt to make a counterclaim, and not a defense.

The motion for judgment upon the alleged counterclaim is therefore denied, with $10 costs.