(72 Misc. Rep. 358.)

### HOUSTON MERCANTILE CO. v. POWELL & KING.

(Supreme Court, Appellate Term. June, 1911.)

1. ELECTION OF REMEDIES (§ 3*)—INCONSISTENT REMEDIES—SUIT TO RESCIND LEASE—FRAUDULENT REPRESENTATIONS.

Where tenants instituted an action in equity, praying an adjudication declaring the lease annulled and for damages for false representations, as distinguished from an action at law to recover the money paid by them thereunder, such suit did not constitute a rescission of the lease, nor an election of remedies, precluding the tenants from setting up a counterclaim for damages for fraudulent representations of the landlord, inducing them to make the lease, in defense of summary proceedings to recover possession.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

2. APPEAL AND ERROR (§ 179*)—RIGHT TO ALLEGE ERROR—PROCEEDINGS IN TRIAL COURT.

Where, in summary proceedings to recover possession, tenants pleaded false representations of the landlord, inducing them to make the lease as a counterclaim, and at the opening of the trial the court erroneously held that another suit instituted by the tenants against the landlord to rescind the lease for fraud constituted an election of remedies, barring the counterclaim, the tenants' failure to offer formal proof in support of the counterclaim did not bar their right to review the court's ruling on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 179.*]

3. LANDLORD AND TENANT (§ 298*)—SUMMARY PROCEEDINGS—DEFENSES—FRAUD.

Where, in summary proceedings, tenants pleaded fraudulent representations of the landlord, inducing them to make a lease, both as a counterclaim and as a defense, such claim was available to defeat the landlord's proceedings, under Code Civ. Proc. § 2244, providing that in such a proceeding the tenant may answer generally, or set up specially any

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

new matter constituting a legal or equitable defense or counterclaim, and such defense or counterclaim may be established in like manner as though a claim for rent was the subject of the action.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Summary proceedings by the Houston Mercantile Company against Powell & King. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Charles Fischer, for appellants.
House, Grossman & Vorhaus, for respondent.

BIJUR, J.  This proceeding was brought to dispossess the defendants (tenants). The real defense lies in a counterclaim for damages for fraudulent representations of plaintiff, inducing defendants to make the lease.

[1] At the opening of the trial there was introduced in evidence the summons and complaint in an action brought in the Supreme Court by the present defendants against the plaintiff (landlord), setting up fraudulent representations of the landlord coincident with the making of the lease in question, and asking that the lease be annulled, declared void, and set aside, and that the tenants have judgment for the amounts already paid by them and their damages, which are set out in detail. Thereupon there ensued a colloquy between counsel and the court, in which the points presented are far from clear. Plaintiff's counsel urged that the bringing of the action in the Supreme Court (which was instituted after the commencement of the summary proceedings and before the defendants' answer therein had been interposed) constituted an election on the part of the defendants (tenants) in this action to rescind the lease, and that such conduct concluded them from maintaining their counterclaim (under Code Civ. Proc. § 2244) in the present action, because the suit in equity necessarily involved the contention on the part of the defendants that the lease was at an end. If this were correct, the question whether the rent had been paid would become immaterial; it being, of course, conceded by defendants that the rent was not being paid. In other words, if the lease were at an end, the plaintiff would be entitled to possession.

The learned trial judge decided that the action in the Supreme Court constituted an "election" on the part of the tenants to rescind the lease. He gave judgment for the plaintiff, restoring possession of the premises to it. It must be noted, however, that the Supreme Court action was not one at law for return of the money paid by the tenants, proceeding on the theory that the lease *had already been rescinded*, but was an action in equity *praying for an adjudication declaring* the lease be annulled and asking for a return of money paid and for damages. The bringing of such an action does not constitute

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an *election* to rescind, in the sense in which the doctrine of inconsistent remedies is applied. The election with which the courts are usually concerned consists of a choice of inconsistent remedies as between suing on tort or in contract in case of conversion (see Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803), or the bringing of an action for replevin as opposed to a subsequent action to recover the purchase price (Morris v. Rexford, 18 N. Y. 552), or choosing between an action based on affirmance and one based on rescission of a contract or of a contractual transaction (see Droege v. Ahrens Mfg. Co., 163 N. Y. 466, 470, 57 N. E. 747). In all these cases it will be observed that the actual present mental attitude, conclusively evidenced by the bringing of one action, is inconsistent with the different attitude necessary to sustain the other. The principle would apply in the case at bar, if the tenants had actually rescinded and brought an action at law for the money previously paid by them. By bringing their action in equity, however, they have merely evidenced an intention to ask a court of equity to declare the lease annulled.

In the leading case of Gould v. Cayuga National Bank, 86 N. Y. 75, 83, where the three courses open to a person who has been induced to enter into a contract by fraud are clearly defined, the character of the action brought by the defendants in the case at bar is significantly described as follows:

"He may bring an action in equity to rescind the contract, and in that action he may have full relief. Such an action does not proceed *as upon* a rescission, but proceeds *for a* rescission."

See, also, Vail v. Reynolds, 118 N. Y. 297, 302, 23 N. E. 301.

There are some expressions—rather obiter in their way—in some cases from which some doubt as to the correctness of this position might be derived; but that could only be as the result of straining the meaning of the court. See Roberge v. Wynne, 144 N. Y. 709, 712, 39 N. E. 631, an opinion in which it is stated that the majority of the court did not concur; Barnsdall v. Waltemeyer, 142 Fed. 415, 420, 73 C. C. A. 515; Koke v. Balkan, 15 App. Div. 415, 417, 44 N. Y. Supp. 426. In the case last mentioned an unsuccessful suit in equity of the kind involved in the case at bar is spoken of as a "futile *attempt* to set aside a transaction." In Bracken v. Atlantic Trust Co., 167 N. Y. 510, 60 N. E. 772, 82 Am. St. Rep. 731, an action in equity *prosecuted to decree*, requiring the delivery of certain stock to plaintiff, was held to constitute a bar to an action at law on the same cause of action for damages for violation of defendant's duty to sell and apply the proceeds of the same stock. It may well be that the setting up of the defense of fraud as a counterclaim in the present action may—indeed, probably will—require a denial of relief in the action in equity, if the latter be continued. Morris v. Rexford, supra, at page 558 of 18 N. Y. See, also, Woods v. Garcewich, 67 App. Div. 53, 57, 73 N. Y. Supp. 472. I believe, therefore, that the learned trial judge was in error in holding that the bringing of the action in equity constituted an election to treat the lease as rescinded as a present fact.

[2] Although no formal offer was made by the tenants of proof in

support of their counterclaim, the informality of the proceedings and the announced view of the court sufficiently excused a formal offer.

[3] There remains, then, the question whether the tenants were entitled, even though they might not be able to secure affirmative relief in the Municipal Court, to prove their claim for damages from the fraud as a defense to the landlord's claim for rent. Tenants' claim is pleaded as a counterclaim, as well as a defense. It seems, therefore, under section 2244, to be entitled to be considered to defeat the plaintiff's claim for rent. Gilsey v. Keen, 104 App. Div. 427, 93 N. Y. Supp. 783; Natkins v. Wetterer, 76 App. Div. 93, 78 N. Y. Supp. 713. It may be said, in passing, that the counterclaim is pleaded somewhat inartificially and inexactly, so far as it may be regarded as proceeding on affirmance of the lease; tenants therein averring that they have been and still are ready to reconvey the premises to the plaintiff. On the other hand, they do not allege that they *have* rescinded the lease, or that they *have* tendered the possession of the premises to plaintiff. They do present a clear-cut demand for the damages which they have suffered. I think that the counterclaim has been properly treated by both sides as proceeding upon an affirmance of the lease.

Judgment and final order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.