CHRISTIAN SCHENCK, Respondent, *v.* THE STATE LINE TELEPHONE COMPANY et al., Appellants.

Election — ratification — rescission — where there is but one remedy, fruitless recourse to another no bar to recourse thereafter to remedy allowed — when plaintiff, who has discontinued action at law to recover for fraud by reason of defense of Statute of Limitations, not estopped from maintaining action in equity for rescission — announcement of rescission — delay.

1. An election of remedies presupposes a right to elect. It is simply a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone. If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed.

2. Where plaintiff, who had brought an action at law to recover damages for fraud whereby, it was alleged, he had been induced to sell real property, discontinued the action, after it had been placed upon the calendar for trial, owing to a defense of the Statute of Limitations set up in the answer, he is not estopped, upon the theory of election of remedies, from thereafter commencing and maintaining an action in equity for a judgment of rescission.

3. Nor is the former action conclusive as a ratification or adoption of a voidable transaction. ( *United States* v. *Oregon Lumber Co.*, 260 U. S. 290, distinguished )

4. Whether plaintiff announced his rescission without unreasonable delay must be gathered from all the circumstances as they may be developed on the trial.

*Schenck* v. *State Line Telephone Co.*, 207 App. Div. 454, affirmed.

(Argued May 12, 1924; decided June 3, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department entered December 14, 1923, which reversed an order of Special Term granting a motion, by defendant, for judgment on the pleadings.

The following questions were certified:

" 1. Is defendant entitled to judgment on the pleadings?

" 2. Did the plaintiff make an irrevocable election by bringing a prior action for damages ‧ by reason of the alleged fraud of defendants, and by so doing is he bound thereby and estopped from maintaining the present action? "

*Benjamin Reass, Hugo Hirsh* and *Emanuel Newman* for appellants. The respondent has irrevocably affirmed the contract. (*Stokes* v. *Wright,* 20 Ga. 324; *Strong* v. *Strong,* 102 N. Y. 69; *Hoch* v. *Goodhart,* 65 N. Y. Supp. 223; *Hallahan* v. *Webber,* 7 App. Div. 122; *Railway Ad. Co.* v. *Standard R. C. Co.,* 24 Misc. Rep. 722; *Conrow* v. *Little,* 115 N. Y. 393; *Dennin* v. *Powers,* 160 N. Y. Supp. 641.) The plaintiff by commencing the first action at law made an election which constituted a waiver of all other remedies. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.,* 230 N. Y. 316; *American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 66; *Whalen* v. *Stuart,* 194 N. Y. 505; *Grynes* v. *Sanders,* 93 U. S. 55; *Shappirio* v. *Goldberg,* 192 U. S. 232.) The discontinuance of the first action is immaterial and has no effect upon the election. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.,* 230 N. Y. 316; *Matter of Garver,* 176 N. Y. 386; *Stewart* v. *Huntington,* 124 N. Y. 127; *Conrow* v. *Little,* 115 N. Y. 393; *Bach* v. *Tuch,* 121 N. Y. 53; *Terry* v. *Munger,* 121 N. Y. 167; *United States* v. *Oregon Lumber Co.,* 260 U. S. 290; *Met. Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 291.)

*Samuel Seabury, Edward E. McCall* and *Harry G. Stevens* for respondent. There is no election without a

choice between irreconcilable claims of right. No such irreconcilability appears in the respondent's pleadings. There was, accordingly, no election of remedies and the court below properly denied appellants' motion for judgment on the pleadings. (*Weigel* v. *Cook*, 237 N. Y. 137; *Met. Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.) The court below properly held that the plaintiff had not lost the right to bring this action simply because he had at an earlier time attempted to enforce a remedy which was then barred by the Statute of Limitations. (*Henry* v. *Herrington*, 193 N. Y. 218; *Baird* v. *Erie Railroad Co.*, 210 N. Y. 225; *Met. Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285.)

Cardozo, J. Plaintiff in January, 1910, sold real estate in New York to the State Line Telephone Company, a domestic corporation, induced thereto by representations now charged to have been fraudulently made. In June, 1922, he began an action at law against the corporation and its agents to recover damages for the fraud. In the following October, after service of the defendants' answer, which set up with other defenses the six-year Statute of Limitations, he discontinued the action for damages, though not till the cause had been placed upon the calendar for trial. He then began this suit in equity for a judgment of rescission with a reconveyance of the land and an accounting for the profits. At law the term of limitation applicable to a sale in 1910 is six years from the date of the commission of the wrong (*Miller* v. *Wood*, 116 N. Y. 351). The amendment of the statute in 1920 assimilating the rule at law to the rule in equity has been held to be inapplicable to rights of action already barred (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213). In equity the right of action accrues upon the discovery of the facts constituting the fraud. The defendants now move for judgment on the pleadings. Their position is that the sale has been irrevocably

affirmed. They argue that this result must follow whether the plaintiff's disability to rescind is to be traced in its origin to an election of remedies or to a choice between substantive rights by ratification or adoption. This position, sustained at the Special Term, was overruled at the Appellate Division. The case comes here after the allowance of an appeal.

An election of remedies presupposes a right to elect (*Henry* v. *Herrington*, 193 N. Y. 218, 222). It " is simply what its name imports; a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone " (*Bierce* v. *Hutchins*, 205 U. S. 340, 346). If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed. As to this, there is nothing of uncertainty in the decisions in New York (*Henry* v. *Herrington*, supra; *Morris* v. *Rexford*, 18 N. Y. 552; *Kinney* v. *Kiernan*, 49 N. Y. 164, 169; *Strong* v. *Strong*, 102 N. Y. 69, 73; *Baird* v. *Erie R. R. Co.*, 210 N. Y. 225, 232; *McNutt* v. *Hilkins*, 80 Hun, 235; *Koke* v. *Balken*, 15 App. Div. 415). Judgments similar in effect have been rendered by courts elsewhere (*Snow* v. *Alley*, 156 Mass. 193, 195; *Corbett* v. *B. & M. R. R.*, 219 Mass. 351; *Int. R. & S. Corp.* v. *Vanderpoel*, 127 Minn. 89; *Clark* v. *Heath*, 101 Me. 530, 532; *Standard Oil Co.* v. *Hawkins*, 74 Fed. Rep. 395; *Barnsdall* v. *Waltemeyer*, 142 Fed. Rep. 415, 420; *Bistline* v. *U. S.*, 229 Fed. Rep. 546, 548; *Bierce* v. *Hutchins*, supra; *Friend* v. *Talcott*, 228 U. S. 27, 37).

The plaintiff thought he had a remedy at law, and so thinking sued for damages. In truth he had no such remedy, for, irrespective of his knowledge of the fraud, his right of action for damages had been barred by lapse of time. The defendants have blocked his recourse to a remedy which he had not. They now say that because of his mistake, he must be held to have renounced forever

the remedy he had. "There would be no sense or principle in such a rule" (HOLMES, J., in *Snow* v. *Alley, supra*).

The defendants stress the recent decision of the United States Supreme Court in *U. S.* v. *Oregon Lumber Co.* (260 U. S. 290). There the government brought suit to annul a patent, and prosecuted the suit to judgment after the defendant had pleaded in bar the Statute of Limitations applicable to such cases. This was held an election barring a later action at law to recover damages for the fraud. We are not required to determine whether upon like facts we would follow that decision, which was accompanied by a strong dissent. The majority opinion concedes that a different result would have been reached if the plaintiff, after the warning given him by the answer, had discontinued the first suit instead of pursuing it to final judgment (260 U. S. at pp. 297, 301). Here the plaintiff did not wait for judgment, but discontinued during or before the trial. Repentance, for all that the pleadings show, followed swiftly upon warning. The *Oregon Lumber* case, though its ruling were accepted, would not touch the case at hand.

The argument is made that prosecution of the former action, if indecisive as a choice of remedies, is conclusive as a ratification or adoption of a voidable transaction. The distinction is one not infrequently obscured, and yet important to be heeded. Often what is spoken of in opinions as a choice between remedies is in reality a choice of "an alternative substantive right" (BRANDEIS, J., in *U. S.* v. *Oregon Lumber Co. supra*, at p. 307; cf. *Robb* v. *Vos*, 155 U. S. 13; *Conrow* v. *Little*, 115 N. Y. 387; *Fowler* v. *Bowery S. Bank*, 113 N. Y. 450). Indeed it is probable that some element either of ratification or of estoppel is at the root of most cases, if not all, in which an election of remedies, once made, is viewed as a finality. Ratification, however, is not in itself the choice of a remedy, though the choice of a remedy may be evidence

of ratification.  One may confirm a transaction voidable for fraud or for other reasons without invoking any remedy whatever, as, *e. g.*, by exercising dominion over the subject-matter of a sale, or even by silence and inaction with knowledge of one's rights.  We cannot doubt that the plaintiff now before us was free, if he wished, to give validity. to this sale, whether he recovered damages or not.  We find nothing, however, to show that he wished anything of the kind.  The prosecution of the action to recover damages for the fraud, ineffective, as we have seen to establish a final election between remedies, is equally ineffective without more to establish ratification of the voidable transaction.  The plaintiff is not charged to have signified a will to ratify except by signifying a will to sue.  He is not charged to have evinced a readiness that the transaction should be allowed to stand except in conjunction with a demand that damages be paid, and upon the tacit but implied condition that the demand should be obeyed.  The purchasers thwarted the condition.  They now attempt to ignore it, as if the will to ratify had been absolute.  The plaintiff said in effect: " I wish to recover damages and on that basis to affirm." The defendants in effect answer: " Your right to damages is gone, but because you have ventured to ask for them, you forfeit everything else."  We think the nullification of the condition must draw with it as a consequence the nullification of the choice.  The failure of the one destroy the significance of the other as an expression of the will.

We reach the same conclusion if we apply to the abortive choice the principles by which courts of equity are governed when they relieve against mistake (*Standard Oil Co.* v. *Hawkins, supra*).

In thus holding, we do not deny that rescission to be effective must be announced without unreasonable delay (*Shappirio* v. *Goldberg*, 192 U. S. 232; *Schiffer* v. *Dietz,* 83 N. Y. 300; 3 Williston, Contracts, §§ 1526, 1469).

Whether plaintiff acted in obedience to that rule must be gathered from all the circumstances as they may be developed on the trial.

The order should be° affirmed, with costs, and the questions certified answered in the negative.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order affirmed.