José Rafols Roger, Plaintiff and Appellee, v. Heirs of Juan Palén Aguila, Defendants and Appellants.

No. 4680. Argued April 4, 1929.—Decided February 28, 1930.

L. Mercader, for appellants. A. Lens Cuena, for appellee.

Mr. Justice Texidor delivered the opinion of the court.

José Rafols Roger brought an action in the Municipal Court of Arecibo against the heirs of Juan Palén, who are his widow Gregoria Candelaria and his sons Rafael and Diego Palén, to recover the sum of $325 as the unpaid balance of the purchase price of a piano, interest and costs. That court rendered judgment in due course and an appeal was taken therefrom to the District Court of Arecibo.

It appears from the evidence that Juan Palén asked Rafols to sell him a piano and that a sale was effected whereby Rafols took in trade an old piano, valued at $50, and

Palén signed notes, payable monthly, to an aggregate amount of $535, divided into 36 installments of $15 each, except one which was for $10. The contract of sale contained, among others, the following stipulations:

"4th. That if the seller, or his successors, shall retake the aforesaid property, under clause 3rd of this contract, the said seller, or his successors, shall retain them for a period of thirty days at the disposal of the buyer, or his successors, during which time the latter may re-acquire them upon payment of the total amount of the outstanding installments and, in addition, the expenses incurred in retaking and storing the said property.

"5th. That if the buyer, or his successors, shall fail to take advantage of the right conferred by clause 4th of this contract, the seller, or his successors, may sell the aforesaid property at public auction within thirty days next following the said period, and apply the proceeds of such sale to the payment of all the installments due and unpaid and all expenses incurred in retaking, storing and selling the said property. If the said proceeds are insufficient to cover the said amount due and the expenses, the seller or his successors shall be entitled thereafter to recover any deficiency by judicial action, which they may institute within a period of thirty days. And if after paying all the above amounts any surplus should be left, the seller, or his successors, shall be bound to return the said surplus to the buyer, or his successors.

"6th. If the seller, or his successors, shall fail to take advantage of the right conferred by clause 5th of this contract within the time therein stipulated, the said seller, or his successors, shall be bound to take up the said property, deducting from the total of the installments paid by the buyer, or his successors, an amount calculated on the basis of a charge of $50.00 for each month of the time during which the purchaser, or his assigns, shall have been in possession of the said articles, it being stipulated that a period of fifteen days or less shall not be counted and that every period longer than fifteen days shall be counted as a month; and it is further·stipulated that the said charge is considered by the parties hereto as a fair and reasonable compensation for the use of the said property."

The piano was delivered to Margarita Terraza Palén in accordance with the instructions received from the purchaser, who paid fourteen of the notes subscribed by him or a total

of $210. Palén died, and Rafols attempted to collect the remaining notes. It appears that, on September 28, 1926, Rafols wrote the following letter to Margarita Terraza:

"Mrs. Margarita Terraza,

"Arecibo, P. R.

"Madam:

"Two installments are now due and unpaid on the piano, which we sold to Juan Palén and which is in your possession. Mr. Luis Mercader, the representative of the heirs, has informed us that the decedent's estate is unable to pay and that I should act as I think best.

"Under the circumstances, we have decided to retake the piano; but before doing so we wish to hear from you in regard to the matter, as we dislike the idea of your losing the piano when it has almost been paid for.

"Awaiting your reply by return mail, I am, Very truly yours, (Signed) José Rafols Roger—J. R. Roger.—Mrs. Margarita Terraza, Heirs of Juan Palén, Arecibo."

Thereafter Rafols brought suit against the heirs of Palén.

The District Court of Arecibo rendered judgment against the defendants, who were ordered to pay to the plaintiff the sum of $325 together with interest thereon and costs. From that judgment the present appeal has been taken and the following errors are assigned:

"1.—In adjudging the defendants to pay the sum of $325 representing the balance of the promissory notes subscribed by Juan Palén in connection with the contract of conditional sale made between the plaintiff and the said Palén, notwithstanding the failure of the plaintiff to comply with the clear provisions and stipulations of the said contract.

"2.—In adjudging the defendants to pay to the plaintiff the aforesaid notes, notwithstanding the fact that the same had already been transferred by indorsement to third persons."

It is true that the contract of sale of the piano was a conditional sale and that, as may be noted from the stipulations, the agreement is somewhat elaborate and possibly liable to confusion. But after carefully considering the case, we are unable to conclude that, by merely writing to Marga-

rita Terraza stating that he had decided to retake the piano, without his doing so or instituting any judicial proceedings to that end, the plaintiff precluded himself from bringing an action against the heirs of Palén, who was the purchaser and had bound himself as such.

It has been held that an election of remedies presupposes a right to elect and is simply a choice shown by an overt act between two inconsistent rights either of which may be asserted at the chooser's will alone, and recourse to a remedy withheld does not bar recourse thereafter to one allowed. It has also been held that bringing an action for damages, which was discontinued after it was on the calendar, because of a plea of prescription, did not bar plaintiff's subsequent rescission suit, since the first remedy was nonexistent, *Schenck* v. *State Line Telephone Co. et al.*, 144 N. E. 592.

Rafols Roger has not retaken the piano sold; he has not instituted any action to recover the possession thereof. And it can not be successfully contended that he has made an election of remedies simply because he stated in a letter to the person who was in possession of the property that he would be constrained to retake it if payment was not made. There is no bar to his action to recover the balance of the purchase price from the successors in interest of the buyer.

None of the errors assigned have been committed.

The judgment appealed from must be affirmed.