JOSÉ RAFOLS ROGER, demandante y apelado, *v.* SUCN. DE JUAN PALÉN AGUILA, demandada y apelante.

No. 4680.—*Sometido:* Abril 4, 1929. *Resuelto:* Febrero 28, 1930.

*L. Mercader*, abogado de la apelante; *A. Lens Cuena*, abogado del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

José Rafols Roger demandó ante la Corte Municipal de Arecibo a la sucesión de Don Juan Palén, compuesta por la viuda Gregoria Candelaria, el hijo, Rafael Palén, y otro hijo Diego Palén, para que le pagaran $325, resto de precio de un piano, los intereses y las costas. La corte municipal dictó sentencia en el caso; y de ella se apeló ante la de Distrito de Arecibo.

De la prueba resulta que Rafols fué requerido por Juan Palén para que le vendiera un piano, y que convinieron en la compraventa, tomando Rafols en cuenta otro piano viejo, en $50, y firmando obligaciones para vencer mensualmente por la suma total de $535, dividida en 36 plazos de a $15 mensuales, con excepción de uno de ellos, que era de $10. El contrato de venta, tenía entre otras las siguientes cláusulas:

"4a. Que si el vendedor, o sus sucesores retirasen los efectos mencionados, amparándose bajo la cláusula número 3 de este contrato, dicho vendedor o sus sucesores dejarán dichos efectos, por el término de los siguientes treinta días, a la disposición del comprador, o sus sucesores, durante el cual término, éste o éstos podrán obtenerlos nuevamente, mediante el pago completo del importe total de todos los plazos que aún quedaren adeudando, más los gastos que, retirar y almacenar dichos efectos originase.

"5a. Que si el comprador, o sus sucesores, no hicieren uso del derecho que les concede la cláusula número 4 de este contrato, en-

tonces el vendedor, o sus sucesores, podrán vender los efectos en cuestión, en pública subasta, durante el término de los subsiguientes treinta días, y podrán aplicar el producido que derivaren de dicha venta a cubrir el importe total de todos los plazos que el comprador, o sus sucesores, quedaren adeudando, más el importe total de todos los gastos que, retirar, almacenar y vender dichos efectos originase. Si dicho producido no alcanzare para cubrir todo ello, entonces los Vendedores o sus sucesores tendrán derecho a cobrar la diferencia que resultare mediante una acción judicial que al efecto podrán entablar en los subsiguientes treinta días. Y si una vez cubierto todo ello de dicho producido hubiera algún sobrante el Vendedor, o sus sucesores quedarán obligados a devolver dicho sobrante al Comprador o sus sucesores.

"6a. Que si el vendedor, o sus sucesores, no hicieren uso del derecho que les confiere la cláusula número 5 de este contrato, en el término estipulado en la misma, entonces dichos Vendedores o sus sucesores, quedarán obligados a hacerse cargo de los efectos en cuestión, descontando del importe total de los plazos que el Comprador, o sus sucesores, hubieren pagado, la cantidad que resulte de un cargo de $50.00 por cada mes que dichos efectos hubieren estado en poder del comprador o sus sucesores, entendiéndose que una fracción de quince días, o menos, no se contará y que toda fracción de más de quince días, se contará por un mes; y entendiéndose además que este caso se ha convenido por ambas partes como justo y razonable por el uso de tales efectos."

El piano fué entregado a Margarita Terraza Palén, según la orden del comprador. Este pagó catorce de las obligaciones por él suscritas, en un valor total de $210. Falleció Palén, y Rafols interesó cobrar las restantes obligaciones. Aparece que Rafols, en 28 de septiembre de 1926, escribió a Margarita Terraza la siguiente carta:

"Sra. Margarita Terraza, Arecibo, P. R.
Distinguida Sra:

"Tenemos vencidos sin haber sido pagados dos plazos sobre el piano que vendimos a Juan Palén y que Ud. posee. Don Luis Mercader, encargado de la Sucn. nos ha manifestado que la Sucn. no puede pagar y que debo actuar en la forma que mejor crea.

"En tales condiciones hemos resuelto recoger el mueble, pero antes de hacerlo deseamos tener sus noticias sobre el asunto, pues no nos agrada que después de haberlo casi pagado tengan que perderlo.

"Espero sus noticias a correo vuelto y soy ato. S. S. (Firmado en maquinilla y con un sello de goma) José Rafols Roger—J. R. Roger.—Sra. Margarita Terraza Suc. Juan Palén, Arecibo."

Después Rafols siguió el pleito contra la Sucesión Palén.

La Corte de Distrito de Arecibo dictó sentencia condenando a la sucesión demandada a pagar al demandante $325, intereses, y costas. Y contra ella se ha interpuesto la presente apelación fundándola en los siguientes señalamientos de error:

"1o.—Al condenar a la demandada a pagar los $325.00, resto de las obligaciones suscritas por Juan Palén para facilitar el cumplimiento del contrato de venta condicional suscrito entre demandante y dicho Palén, muy a pesar que el demandante ha dejado de seguir los claros términos y estipulaciones del convenio de venta condicional a que hemos hecho mención.

"2o.—Al condenar a la demandada a pagar al demandante los pagarés referidos a pesar de haberlos traspasado a terceras personas."

■■ Es cierto que el contrato de venta del piano fué condicional, y como se ve de las cláusulas, un tanto elaborado, y posiblemente expuesto a confusión. Pero, examinando el caso cuidadosamente, no podemos declarar que el demandante, por el hecho de haber escrito a Margarita Terraza, diciéndole que había resuelto recoger el piano, sin que llegara a hacerlo, o a seguir un procedimiento judicial para ello, fuera causa que impidiera al mismo demandante seguir la acción contra la sucesión de Palén, comprador y obligado.

Se ha sostenido por la jurisprudencia que la elección de remedio presupone la existencia de un derecho a elegir; y que es la elección demostrada por un acto positivo (*overt act*), entre dos derechos incompatibles, cualquiera de los que puede ser ejercitado solamente por la voluntad del que elige; y que recurrir a un remedio de que desiste, no impide recurrir al otro remedio ulteriormente. Y en el mismo caso se declaró que el haber empezado un pleito por daños, que quedó desis-

tido después de estar en calendario por razón de una alegación de prescripción, no impide que el actor siga después una acción de rescisión, ya que el primer remedio no existía. Nos referimos a la decisión en el caso *Schenck* v. *State Line Telephone Co. et al,* de la Corte de Apelaciones de New York, 144 N. E. 592.

Rafols Roger no ha recobrado posesión del piano vendido; él no ha presentado una demanda para que se le devuelva el piano. Y no puede decirse que ha optado por una determinada solución, por el simple hecho de indicar en una carta a la persona en cuyo poder se encuentra el mueble que se verá en el caso de recogerlo si no se le paga. No tiene obstáculo legal alguno el ejercicio de su acción en cobro de cantidad contra los continuadores de la personalidad de ese deudor.

No podemos convenir en la existencia de ninguno de los errores señalados.

*Debe confirmarse la sentencia apelada.*