Lupiano, J.
(dissenting). Plaintiff, Leasco Data Processing Equipment Corporation (Leasco), seeks to recover rental due from defendant, Starline Overseas Corp. (Starline), under an agreement whereby it leased a billing machine to Starline. Leasco had purchased this machine from SCM Corp., the manufacturer, and leased it to Starline for a term of five years and five months with the option of annual renewals. Starline paid for maintenance and service contracts on the machine, although Leasco at all times retained title to said billing machine. *902 Leasco’s indorsed complaint alleged default in rental payments by Starline, lessee, and pursuant to clauses dealing with acceleration of payment on default and 20% attorney’s fees, demanded $8,884.08 in money damages. Leasco further requested immediate possession of the leased chattel. Starline’s answer contains denials of all the allegations except that of the making of the lease and further contains three “ affirmative defense(s) and counterclaim(s) ”, basically founded on fraud and breach of warranty and requesting rescission and damages. At the trial Starline was granted, with Leasco’s consent, leave to amend its answer to allege that paragraph 10 of the lease was unconscionable.
Paragraph 10 of the lease provides in pertinent part: ‘ ‘ Lessee agrees that its obligations under this lease are absolute, and shall continue in full force and effect regardless of any disability of Lessee to use the equipment because of War, Act of God, government regulation, strike, loss or damage, obsolescence; breach of contract or warranty; failure of or delay in delivery, misdelivery or any other cause, and that its obligations shall not abate due to any claim or set-off against Lessor * * * Lessee agrees that Lessor has made no warranties or representations, express or implied with regard to the equipment ’ ’.
As noted in its opinion, the trial court, after trying the issue of unconscionability prior to the remaining issues, found, in light of the evidence presented as to the commercial setting, purpose and effect of the transaction, that paragraph 10 of the lease was not unconscionable.
After resolving the question of unconscionability, apparently without regard to the Uniform Commercial Code, the court granted plaintiff’s motion for a directed verdict and rejected defendant’s argument that article 2 of the Uniform Commercial Code applies to transactions of this nature. The court found defendant’s reliance on Hertz Commercial Leasing Corp. v. Transportation Credit Clearing House (59 Misc 2d 226, revd. on other grounds 64 Misc 2d 910) unfounded.
Finally, the court observed that the defendant made conclusory statements of defect. There was no proof of damages by defendant and there was waiver of defendant’s right of rescission.
Defendant’s prime objections on appeal are that: (1) The plaintiff, a lessor has the same obligation regarding warranties under the Uniform Commercial Code as a merchant does; (2) The plaintiff’s attempt to exclude the implied warranty of fitness is invalid because the exculpatory language was not com *903 spicuous; and (3) The trial court was not correct in directing a verdict in favor of plaintiff against defendant.
On this appeal, the critical issues are (1) whether under the equipment lease, there were implied warranties with respect to the equipment; (2) assuming such implied warranties, whether the lessor properly excluded them; and (3) whether the lessor breached nonexcluded implied warranties.
In resolving these issues, it should be initially noted that the Uniform Commercial Code article on sales is attended by a penumbra or umbrella of influence in areas of contract law not specifically within the literal definition of sales under section 2-102 of the Uniform Commercial Code (see Murray, Under the Spreading Analogy of Article 2 of the Uniform Commercial Code, 39 Fordham L. Rev. 447, 448). The courts of New York and of sister States have applied article 2 of the Uniform Commercial Code to cases involving exclusion of warranties in equipment leases (see Hertz Corp., supra, and cases cited therein; 39 Fordham L. Rev. 447, 449-454).
Section 2-102 of the Uniform Commercial Code provides: “ Unless the context otherwise requires, this Article [Sales] applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction”. (Emphasis supplied.)
Comment 2 of section 2-313 of the Uniform Commercial Code states: 1 ‘ the warranty sections of this Article are not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such a contract.”
With the foundation set forth above, the rationale of the Hertz case (supra) becomes persuasive. The court therein (59 Misc 2d 226, 231, supra) found that: “ a consideration of the applicable law, and of economic reason, [mandates the conclusion that] article 2 of the Uniform Commercial Code, to the extent that its provisions can be considered applicable, governs the equipment lease before the court.” (Emphasis supplied.) This conclusion was influenced by existing sister-State courts’ interpretations of the code in view of the code’s stated purpose of making uniform the law among the various jurisdictions (see Uniform Commercial Code, § 1-102, subd. [2], par. [e]). Additionally, the court noted (supra, p. 229) that it “ would be anomalous if this large body of commercial transactions were subject to different rules of law than other commercial transactions which tend to the identical economic result.”
*904 The instant case involves a lease with provisions analogous to a sale except for the retention of title by the lessor. It clearly warrants recognition and application of the penumbra of protection of the Uniform Commercial Code — article on sales. It was erroneous for the trial court to refuse to apply the rationale of the Hertz case (supra) to the instant litigation on the legally irrelevant basis that the machine in question was purchased by the plaintiff at defendant’s request. Moreover, the court relied on the assumption, not supported by the evidence, that the defendant had theretofore satisfied itself independently as to the proper functioning of the machine.
Application of article 2 of the Uniform Commercial Code to the equipment lease in question, impels recognition that Leasco impliedly warranted the merchantability of the billing machine to Starline (see Uniform Commercial Code, § 2-314).
Concerning the issue of exclusion of implied warranties, the evidence did not indicate that there were defects which an examination ought to have revealed to defendant, nor did it indicate a course of dealing, course of performance or usage of trade which would exclude implied warranties. Consequently, if the implied warranties were excluded they must have been so, excluded under subdivision (2) or paragraph (a) of subdivision (3) of section 2-316 of the Uniform Commercial Code which subdivisions require the written exclusion to be conspicuous. Subdivision (10) of section 1-201 of the Uniform Commercial Code defines conspicuous as follows: “ A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: non-negotiable bill oe lading) is conspicuous. Language in the body of a form is ‘ conspicuous ’ if it is in larger or other contrasting type or color.” Clearly the exclusion sentence submerged in paragraph 10 is not conspicuous, and, therefore, cannot be relied upon to exclude the implied warranties.
In addition, paragraph 10, is, under all the facts and circumstances herein, unconscionable (see Uniform Commercial Code, § 2-302). In this regard, the Leasco purchase order sent to SCM Corp. is significant. There was uncontroverted testimony on behalf of both Leasco and Starline that this document prepared by Leasco and containing a warranty by SCM running to Starline and Leasco was never given to Starline by Leasco. In addition, it appears that Starline knew nothing of this purchase order until the court in January, 1972, recommended that Starline sue SCM on the warranty contained therein. By virtue *905 of paragraph 10 of the lease, Leasco attempted to compel Star-line to pay regardless of whether the machine was operable, or not, and also attempted to exclude all warranties.' Clearly the paragraph in the afore-mentioned context, is unconscionable. Consequently, Leasco, the lessor, did not properly exclude the implied warranties.
Testimony for Leasco established that prior to this suit, Leasco knew that the type of machine delivered to Starline had problems and very often broke down, that Leasco contacted SCM on several occasions to complain that this type of machine broke down very often, and that Leasco brought an action which was ultimately settled, against SCM on the basis of complaints by Leasco’s customers about the type of machine involved herein.
Accordingly on the basis of the aforesaid, Starline appears able to assert a viable defense to Leasco’s action which should be presented to the jury on the basis of Leased’s prior recovery against SCM and on the basis of breach of implied warranty.
Although Starline’s counterclaims for breach of warranty are barred by the Statute of Limitations (Uniform Commercial Code, § 2-725, subd. [1]) the counterclaim for rescission is not so barred (CPLR 213, subd. 1). Moreover, under the facts and circumstances herein, Starline has brought its rescission counterclaim in a reasonable time within the statutory period and thus is not barred by loches (see Richard v. Credit Suisse, 242 N. Y. 346, 351 [1926]).
Finally, it must be noted that Starline’s acquiescence to the ‘ ‘ suggestion ’ ’ of the trial court that it bring an action for breach of warranty against SCM, does not estop Starline from asserting its right of rescission. Where the remedy initially asserted is barred by the Statute of Limitations, the doctrine of election of remedies does not apply to defeat a subsequent inconsistent remedy (Schenck v. State Line Tel. Co., 238 N. Y. 308 [1924]).
On the record herein, the judgment should be reversed and a new trial ordered as to all the pertinent issues.
Quinn, J. P., and Fine, J., concur in Per Curiam opinion; Lupiano, J., dissents in memorandum.
Judgment affirmed, etc.