ANNA HENRY, Respondent, *v.* HAMMOND HERRINGTON, Appellant.

ELECTION BETWEEN INCONSISTENT REMEDIES — WHAT IS NECESSARY TO PUT PARTY TO SUCH ELECTION. The doctrine of election between inconsistent remedies consists in holding a party to the remedy taken in cases where there is a choice between two remedies which proceed upon opposite and irreconcilable claims of right. The fact that a plaintiff has failed in a previous action with reference to the same subject-matter does not determine that he is or has been put to an election.

Plaintiff sold goods to defendant which defendant subsequently transferred to a third party without making payment therefor, upon which plaintiff brought an action against defendant and others alleging conspiracy to defraud her of her property, which action she was unable to maintain. *Held*, that plaintiff had but a single course open against defendant, and that was to compel payment of her claim, and she had taken no

action inconsistent with its enforcement. The first action taken by her was fruitless, because she mistook her remedy, but she was not thereby precluded from maintaining an action in which she asserted a right to recover the value of the property.

*Henry* v. *Herrington,* 120 App. Div. 902, affirmed.

(Argued October 14, 1908; decided October 23, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 1, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Norton* for appellant. By the action in the Supreme Court against Dennin, Ormsby and Herrington, based upon the plaintiff's claim of ownership and right of possession of the property, the plaintiff elected one of two or more inconsistent remedies, and was precluded by such election from maintaining this action. ( *Westfall* v. *Peacock,* 63 Barb. 209 ; *Morris* v. *Rexford,* 18 N. Y. 552 ; *Conrow* v. *Little,* 115 N. Y. 387 ; *Terry* v. *Munger,* 121 N. Y. 161 ; *Fowler* v. *Bowery Sav. Bank,* 113 N. Y. 450 ; *Roome* v. *Jenkins,* 2 Misc. Rep. 257 ; *Matter of Garver,* 176 N. Y. 386 ; *Crossman* v. *U. R. Co.,* 127 N. Y. 34 ; *Moore* v. *Potter,* 155 N. Y. 481 ; *Dustan* v. *McAndrew,* 44 N. Y. 72.)

*John B. Holmes* for respondent. Neither the former action brought by the plaintiff against Herrington, Ormsby and Dennin for conspiracy, nor any act of plaintiff subsequent to the execution of the bill of sale, amount to an election of remedies whereby the plaintiff is estopped from maintaining this action. (*McNutt* v. *Hilkins,* 80 Hun, 235 ; *Kinney* v. *Kiernan,* 49 N. Y. 169 ; *Empire Mfg. Co.* v. *Moers,* 27 App. Div. 469 ; *Waters* v. *M. Ry. Co.,* 66 Hun, 60 ; *Henderson* v. *Bartlett,* 32 App. Div. 439 ; *Marsh* v. *Masterton,* 101 N. Y. 407 ; *Demois* v. *Mayer,* 37 Mo. 617 ; *Matter of Garver,* 176 N. Y. 386 ; *Crossman* v. *U. R. Co.,* 127 N. Y. 34 ; *Mills*

. v. *Parkhurst,* 126 N. Y. 84–93; *Morrison* v. *Brand,* 5 Daly, 42; 56 N. Y. 657.)

GRAY, J.   This action was brought to recover the balance of the purchase money due to the plaintiff from the defendant upon a sale of personal property.   The fact of the sale was put in issue by the answer; but the plaintiff recovered a verdict for the amount claimed by her and the judgment upon the verdict has been unanimously affirmed by the Appellate Division.   This is sufficient to dispose of the controverted facts of the case; but the appellant insists that a serious question of law survives the disposition made below, which has been erroneously determined.   That was whether a previous action brought by the plaintiff against this defendant and other persons did not bar her from maintaining the present action, upon the ground that there had been an election by her between inconsistent remedies for obtaining relief, to which she must be held.   The answer does not plead this defense, as it should have done, to make it available (*Roberge* v. *Winne,* 144 N. Y. 709); but it may be that, by the course taken by the parties upon the trial, that objection was waived. I think that it was and, so assuming, it is quite clear that the plaintiff had not been precluded from maintaining this action upon the ground stated.   The facts are established for us by the verdict and judgment below, and they show that the property sold by the plaintiff consisted of certain furniture, fixtures, etc., contained in a hotel, which she and her husband were conducting.   He was the lessee of the hotel and had transferred to her the personal property mentioned, in payment of an indebtedness and, also, subject to a chattel mortgage given by him to the defendant to secure a loan of $500.   Some time thereafter, she made a sale of these chattels to the defendant for the sum of $1,700, and executed a bill of sale thereof.   One hundred dollars of the price were paid down; the balance, less the amount due upon the chattel mortgage, was to be paid some two weeks later and the property sold was, by the direction of

the defendant, to be left in the hotel. An explanation of the transaction is furnished in the evidence that the defendant expected to sell the property to Dennin, the lessor of the hotel, or to Ormsby, whom Dennin intended to secure as a tenant. · Subsequently, the plaintiff and her husband were dispossessed and Ormsby went into possession of the hotel and its contents; having purchased the latter from the defendant. The defendant failed to pay his indebtedness to the plaintiff upon the bill of sale, at the time when it matured, and he refused to admit any liability; referring her to Dennin and Ormsby. Believing, or acting upon the advice, that there had been a plan, or conspiracy, between Dennin, Ormsby and the defendant to cause her husband to be dispossessed of the hotel and herself to be cheated out of the property sold to the defendant, and after making futile efforts to get it back, she commenced an action against the three and demanded damages against them; upon allegations that they had agreed together and had conspired to defraud her of the possession and ownership of her property. Her complaint, however, set forth the sale to this defendant by the bill of sale, his failure to pay, and that she had "never yet received either the property * * * or any money, or a return of the bill of sale". When the action came on for trial it was dismissed upon the pleadings. Thereafter, she brought the present action.

If the plaintiff had two remedies open to her adoption, in order to right herself, which were not consistent with each other, and she made an election of one, in bringing her former action, she must be held to it and will be deemed to have been concluded thereby from prosecuting the other remedy. This doctrine of the election of inconsistent remedies consists in holding a party, where there is, by law, or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, to the one taken. (*Morris* v. *Rexford*, 18 N. Y. 552; *Mills* v. *Parkhurst*, 126 ib. 89.) If it appeared that the plaintiff had a right, either to disaffirm the sale of the chattels, or to treat the sale as absolute and to sue for their price, then, undoubtedly, by commencing an

action upon the former theory, she would have concluded herself from ever proceeding upon the other theory. But, as the facts are established, she had no such choice, with respect to the transaction of sale and that was manifest in her complaint in the former action. Her pleading showed that the title to the property had been transferred to this defendant under a bill of sale and the action was properly dismissed and refused trial; for there could have been no conspiracy between the parties defendant to deprive the plaintiff of property, which she expressly alleged had been legally transferred by her to another. The proof is that the transaction of sale was complete by the execution of the bill of sale and the part payment of the price, and that the delivery of the subject of the sale was made in accordance with the direction of the vendee. The plaintiff had but the one course open to adoption against the defendant and that was to compel him to pay what he still owed her. It is not the mere fact of having previously brought some action against a defendant to obtain relief, upon such a transaction, which would determine the application of the doctrine of election; it would be the fact that a plaintiff, with two courses open to him, had, by his previous action, declared his election, or decision, to affirm, or to disaffirm, the transaction, as the case might be. The right to make an election must actually exist and if it shall appear that it did not, then it is quite immaterial, in its bearing upon a subsequent action, that some previous action, looking to a remedy for the plaintiff's loss, had been brought. (*Morris* v. *Rexford,* *supra;* *Terry* v. *Munger,* 121 N. Y. 161.) The plaintiff's previous action was fruitless, because she had no right to maintain it, upon her own showing; but that did not preclude her from, subsequently, bringing an action, in which she asserted a right which she possessed. (*Kinney* v. *Kiernan,* 49 N. Y. 164, 169.) She had made no election, for there was no choice of remedies against the defendant, and in suing him with others, as for a conspiracy, she mistook, or misconceived, her remedy and was dismissed; but she did not forfeit her legal right to bring this action to recover from the defendant

what he owed her. Any step, or action, taken by her, which was fruitless, because proceeding upon a misconception of the rights which the law gave her, left her unaffected as to any legal remedy which she did possess.

No other question requires consideration and I advise the affirmance of the judgment.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment affirmed.