## CLASS JOURNAL CO. v. VALVELESS INNER TUBE CO.

### (Supreme Court, Appellate Term. June 29, 1911.)

ELECTION OF REMEDIES (§ 3*)—PROCEEDING AGAINST WRONG PARTY—EFFECT.
Where plaintiff, having a contract with a corporation, proceeded against its president individually, and recovered judgment and received part payment thereon, it was not an election of remedies, and plaintiff was not precluded thereby from vacating the judgment, discontinuing the action, and proceeding against the corporation.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

Appeal from City Court of New York, Trial Term.

Action by the Class Journal Company against the Valveless Inner Tube Company. From a judgment on a verdict directed for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Daniel Burke (Harold G. Aron, of counsel), for appellant.
Gordon S. P. Kleeberg, for respondent.

SEABURY, J. The plaintiff sued for services performed under a contract made with the defendant for inserting advertisements in two publications, known as "The Automobile" and "Motor Age," owned by the plaintiff. One Wishart, who was then president of the defendant company, signed the defendant's name to the contract, by himself as president. The fact that the plaintiff performed his contract was not disputed upon the trial. It was proved that the plaintiff had brought an action against Wishart individually, and had taken judgment against him by default. This judgment was subsequently vacated, and the action was discontinued, after Wishart had paid $700. The plaintiff credited the $700 it had received from Wishart on account of the defendant's indebtedness, and sought to recover the balance due, amounting to $609.80 in this action. The learned court below directed a verdict in favor of the defendant, on the ground that, the plaintiff having elected first to sue the agent, such election could not be recalled, and no action could be maintained against the principal.

We think that the doctrine of election of remedies, which the learned court had in mind, has no application to such a case as this. Here Wishart was the disclosed agent of the defendant, and the plaintiff had no cause of action against him. The only cause of action which existed in the plaintiff's favor under the contract sued upon was

against this defendant. The plaintiff had no choice of inconsistent remedies against the defendant, and made no election. The fact that the plaintiff sued the wrong party and received a part of the amount due upon the contract is entirely immaterial in this action, since the defendant is given credit for the amount which the plaintiff has already recovered. The fact that defendant's agent paid something on account of the defendant's debt does not relieve the defendant from its obligation to pay the balance due. Henry v. Herrington, 193 N. Y. 218, 86 N. E. 29, 20 L. R. A. (N. S.) 249.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.