INDEPENDENT ELECTRIC LIGHTING CORPORATION, INC., Appellant, *v.* M. BRODSKY & COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, April Term — Filed May, 1922.

Actions — when tenant of loft building must pay for electric current used — erroneous payment by another tenant — when election of remedies does not apply.

Plaintiff's business is to purchase electric current and retail it to tenants of loft buildings. Among the buildings to which plaintiff furnished electric current was the building containing defendant's loft. When in 1914 defendant's president hired the premises the loft was dark and the lights were turned on to show the loft. Nothing was said about electric lights and no reference whatever was made thereto in the lease subsequently made with the landlord of the loft, nor was

any demand made upon defendant for the price of the electric current, until after it had removed from the premises in 1919. In the three leases defendant's officer had made for lofts no reference was made to electric light, and in the other lofts, under such leases, defendant paid for the current. In an action to recover the undisputed value of the current supplied for about three years it appeared that each of plaintiff's customers had a separate meter; that the current for which recovery is sought here had been billed to and paid by the tenant of another loft and that upon discovery of the mistake the money had been paid back to him by plaintiff. *Held,* that in the circumstances reason and justice require that defendant should pay for the property it was not entitled to receive without compensation, and a judgment in its favor will be reversed and judgment directed in favor of plaintiff for the sum demanded, with interest and costs in the court below.

The fact that plaintiff has failed in a previous action with reference to the same subject-matter does not determine that he has declared his election or has been put to an election of remedies.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of defendant.

*Harry C. Gomprecht,* for appellant.

*John L. Bernstein,* for respondent.

GUY, J. The plaintiff's business is to purchase electric current and retail it to tenants of various loft buildings. Among the buildings to which it furnished current was the building containing the defendant's loft. The electricity was supplied by the Edison Company to plaintiff by a master meter, and the plaintiff submetered the current supplied to the various tenants, each tenant having a separate meter in his loft. Plaintiff had billed the current for which a recovery is here sought to the tenant of another loft and received payment of the bill, but upon discovering the mistake paid the money back to the other tenant. The amount of current and the value thereof for a period of about three years, $538.46, was undisputed.

The defendant's president testified that when he hired the premises in August, 1914, the loft was dark, and the lights were turned on to show the loft; that nothing was said about electric light, and that no reference whatever was made to electric light in the lease subsequently executed with the landlord of the loft; that no demand was made upon defendant for the price of the electric current until after defendant left the premises in 1919; that in the three leases defendant's officer had made for lofts no reference was made to electric light, and in the other lofts, under such leases, the defendant paid for the current. It was testified on behalf of plaintiff that the reason no demand was made for the current furnished prior to 1916 was that the plaintiff was not incorporated until December, 1915.

The trial judge rendered judgment for defendant.

If the defendant had appropriated the plaintiff's money instead of the electric current, the defendant would have been liable to plaintiff *in assumpsit* for money had and received. *National Trust Co.* v. *Gleason,* 77 N. Y. 400, 403. That the property used by defendant was electric current, not money, should not change the result. Under the circumstances of this case reason and justice would seem to require the defendant to pay for the property it was not entitled to receive without compensation. 13 C. J. 244.

A prior action was brought by plaintiff against the defendant upon the same facts for conversion. That action was dismissed, and defendant relies upon the prior adjudication as a bar to this action, the claim being that the plaintiff is bound by its election to sue in conversion. But the doctrine of election between inconsistent remedies consists in holding a party to the remedy taken in cases where there is a choice between two remedies which proceed upon opposite and irreconcilable claims of right, and has no application to the facts here where it has been adjudicated that plaintiff has no claim for conversion against the defendant. The fact that plaintiff has failed in a previous action with reference to the same subject-matter does not determine that he has declared his election or has been put to an election. *Henry* v. *Herrington,* 193 N. Y. 218; *Columbia Trust Co.* v. *Norske Lloyd Ins. Co., Ltd.,* 100 Misc. Rep. 550.

Judgment reversed, with $30 costs, and judgment directed in favor of the plaintiff for $538.46, with interest and costs in the court below.

WHITAKER, J., dissents; MARTIN, J., concurs.

Judgment reversed.