Arnold A. Kline and Another, Respondents, *v.* The Myriad Pictures Corporation and Others, Appellants.

First Department, December 19, 1924.

**Election of remedies — action based on fraud in procuring release of defendants' obligation on agreement to assume payment of notes — answer interposed defense that action on notes on theory of repudiation of release was prosecuted to judgment in plaintiffs' favor — reply admitting allegation of answer should be struck out — plaintiffs' election to sue on notes bar to this action to recover damages for fraud.**

The holders of promissory notes having elected to repudiate, for fraud, a release executed by them to persons who assumed to pay the notes and having prosecuted an action on the notes to judgment in their favor are barred from thereafter prosecuting an action to recover damages for the alleged fraud in procuring the release, and where the answer in the action for fraud sets up the prior judgment a reply interposed by the plaintiffs which admits the allegation of the answer must be struck out and the defendants given judgment.

The holders of the promissory notes having elected to repudiate the release cannot thereafter maintain an action on the theory of the affirmance of the release.

Appeal by the defendants, The Myriad Pictures Corporation and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of January, 1924, as resettled by an order entered in said clerk's office on the 12th day of March, 1924, denying the defendants' motion to strike out the plaintiffs' reply.

*Leopold Blumberg*, for the appellants.

No appearance for the respondents.

McAvoy, J.:

The action in which the motion arose is predicated in fraud. The complaint alleges that one Ross C. Cropper made fourteen certain promissory notes to the plaintiff aggregating a total of $9,600; that the defendants Morris Shiller and Phillip Shiller and Myriad Pictures Corporation assumed the payment of those notes; that in order to induce the plaintiffs to execute a release of the obligation, Ross C. Cropper, and the defendants Morris Shiller, Phillip Shiller and Myriad Pictures Corporation who, it is alleged, had assumed such obligation, misrepresented certain facts and by reason thereof induced the plaintiffs to execute the release and damages are sought for the loss arising from the fraud.

The answer, after denying certain allegations, alleges as a separate defense that simultaneously with the commencement of the suit at bar these same plaintiffs commenced another suit in the

Supreme Court, New York county, against Ross C. Cropper, Morris Shiller and the Myriad Pictures Corporation as defendants; that that suit was predicated on the notes and obligations of Ross C. Cropper and upon the alleged assumption agreement of Morris Shiller and Myriad Pictures Corporation. It is further alleged that such action was predicated upon repudiation of that release and that a rescission thereof was demanded, which agreement of release is marked as Exhibit "A" and it is attached to both complaint and answer. It is alleged, too, that the release was executed and obtained by fraud and that the plaintiffs had repudiated the same and sought to recover on the original obligation and on the original notes seeking to hold the original parties liable. It further alleges that in such action the plaintiffs prosecuted same to judgment and recovered a judgment against the defendants Ross C. Cropper and Morris Shiller, discontinuing against the defendant Myriad Pictures Corporation. An application was thereupon made by the defendants to compel the plaintiffs to reply to the separate defense in the answer and pursuant thereto an order was entered directing the plaintiffs to serve a reply thereto. The reply herein was thereupon served.

The appellants contend that since the reply does not deny any material allegation in the defendants' separate defense in the answer but admits all of the material allegations pleaded in the separate defense, the defendants were entitled to judgment on the pleadings and the reply should have been stricken out as insufficient in law.

The pleadings and the admissions of the plaintiffs in their reply, by failing to deny the allegations of the answer, show that the plaintiffs elected to and did repudiate the original agreement of release; hence, this action, which is on the theory of affirmance of the release and for damages for fraud in inducing its signing, cannot be maintained.

The answer and the reply raise the point, without further necessity of proof, and the question must be determined upon the pleadings alone. The separate distinct defense pleaded by the defendants in their answer, unreplied to, is a bar to the plaintiffs' suit; and since the reply served does not contain any material denial or avoidance, it should have been stricken out and judgment for the defendants rendered.

It must be held that plaintiffs' position in the two suits is inconsistent. The suit which was prosecuted to judgment and which is pleaded as a defense herein was predicated on the theory of repudiation and rescission. The suit in the case at bar is predicated on the theory of affirmance.

The two positions cannot be consistently urged, and the plaintiffs having prosecuted the first suit to judgment cannot maintain the action at bar.

It is an elementary principle that an election once made with knowledge of the facts between existing remedial rights, which are inconsistent, is irrevocable and conclusive, and constitutes an absolute bar to any action, suit or proceeding based on a remedial right inconsistent with that asserted by the election, or to the maintenance of a defense founded on such inconsistent right.

It has long been held that if a person is entitled to rescind a contract on the ground of fraud he loses his right if, after knowledge of all the facts, he brings an action to enforce the contract, or if on the other hand, he sues to obtain a rescission of the contract, he cannot bring an action upon it as an existing obligation. *Electio semel facta patitur non regressun.*

Here the plaintiffs having elected to proceed and sue on the original notes and on the assumption agreement on the theory of rescission and repudiation of the agreement of release, cannot maintain this action in affirmance of it.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.