Harry J. Socolow and Others, Plaintiffs, *v.* J. & A. Stone Realty Co., Inc., Defendant.

Supreme Court, Kings County, October 13, 1926.

Election of remedies — action by purchaser of real property to recover damages for alleged fraudulent representations inducing execution of land contract — in prior action by vendor for specific performance, plaintiffs herein interposed counterclaim for return of down payment — complaint in this action and answer in prior action were served simultaneously — plaintiffs are entitled to proceed until they can determine which is proper remedy — motion by defendant for judgment on pleadings, denied.

In an action by a purchaser of real property to recover damages for alleged false representations made by the defendant, which induced the execution of the land contract, a motion by the defendant for judgment on the pleadings, on the ground that the plaintiffs, in a prior action by the defendant to enforce the contract, by interposing a counterclaim to recover the amount of the down payment had thereby elected to affirm the contract, is denied, for it appears that the answer in the prior action and the complaint in this action were served simultaneously, so that there can be no election of remedies, if it were necessary to make an election, and, furthermore, the plaintiffs are entitled to proceed until they can determine which remedy is the proper one.

MOTION for judgment on pleadings under rule 112 of the Rules of Civil Practice.

*Elias Law* [*Charles J. Nehrbas* of counsel], for the plaintiff and opposed to the motion.

*Nathan Hubbard Stone* [*Abraham B. Paley* of counsel], for the defendant.

DIKE, J.    This is an application for an order of judgment upon the pleadings and upon the stipulation amending the reply.    The discussion of this case involves the examination of two causes of action.    The above action is based upon certain misrepresentations alleged to have been made to induce the making of a written contract for the sale of real property.    We find that prior to the commencement of this action the defendant herein commenced an action against the plaintiffs herein as defendants in the Supreme Court, Queens county, to reform such contract above mentioned for the purchase of real property, and furthermore to specifically enforce the same as reformed.    This latter action may be conveniently called the " specific performance action."    In this present action as originally brought two causes of action were set forth, the first to recover the sum of $5,000 on account of purchase price; the second to recover the same sum upon the ground that certain false representations were made to induce the making of the contract in question.    Upon a motion made by the defendant to strike out the complaint and each and every cause of action therein upon the ground that the causes of action were improperly united in the same complaint and were inconsistent, Mr. Justice LEWIS granted the motion, with leave to plaintiffs to plead over, and the present amended complaint is the one that will be discussed.    I do not find that the decision of Mr. Justice LEWIS had any effect except to clarify the pleading.    And now as to these two actions.    The defendants in the specific performance action, who would be the plaintiffs in the above case, interposed an answer containing a counterclaim.    This counterclaim is based upon the alleged breach of said contract by the plaintiff and the willingness of the defendants (the plaintiffs herein) to perform, and demanding judgment for the amount of the down payment and that a lien therefor be impressed upon the premises.    The defendant herein contends that the said counterclaim is based upon an *affirmance* of the contract and so is inconsistent with the complaint in this action which is based upon a *repudiation* of the contract for fraud.    This brings at the outset, the urge of the defendant that this present complaint should be dismissed, particularly by reason of an election; that the counterclaim evidences an irrevocable *election to affirm the contract*

and that the plaintiffs, therefore, are precluded from maintaining an action based upon a *repudiation* of the same contract. " Election of remedies has been defined to be the right to choose, or the act of choosing between different actions or remedies, where plaintiff has suffered one species of wrong from the act complained of. Broadly speaking, an election of remedies is the choice by a party to an action of one of two or more coexisting remedial rights, where several such rights arise out of the same facts; but the term has been generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to, or the repudiation of, the other." It is the doctrine that a litigant must not occupy inconsistent positions, and the position of the moving party herein is set forth in the case of *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.* (230 N. Y. 316, 325): " Where a party rescinds a contract the law does not permit him thereafter to make use of it as subsisting for the purpose of claiming damages. When one takes legal steps to enforce a contract, this is a conclusive election not to rescind. (*Conrow* v. *Little,* 115 N. Y. 387.) The converse is also true, so that one who commences an action to rescind has made his election and cannot maintain an action on the contract. (*American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61.)" And it is also set forth in *Kranz* v. *Lewis* (115 App. Div. 106): " The election to rescind a contract for fraud, evidenced by the bringing of an action based thereon, is irrevocable, and prevents the bringing of an action on the contract itself; and *vice versa,* when the plaintiff has knowledge of the fraud." There can be no quarrel with these authorities. The law is unquestioned upon this point. But we have here this interesting situation, so far as this motion is concerned; that the amended complaint in this action based upon fraud was served *simultaneously* with the amended answer in the specific performance action in which the counterclaim for the down payment is set up. The question for determination is whether the plaintiffs herein, by serving the amended complaint in this action simultaneously with the service of the amended answer in the other action (the specific performance action), have taken a position which precludes them from maintaining the present action. Can there be an election of remedies spelled out of a situation where there was a simultaneous service of pleadings? Here the service in the two actions was instanter. In an election there must be possibility of choice, the adoption or rejection of a theory of action. Two actions, antagonistic, instituted at the same moment, leave no opportunity for choice. And, furthermore, must it be assumed from the examination of the pleadings in these causes of action that there were two or more existing *remedies?* The

plaintiffs in this action claim that that is not the case.   The plaintiffs' position is this, without further analysis of the pleadings, that they have not *two* remedies; they have but one and are ignorant as to which is the proper remedy, which may only be discovered when the court has considered the contract in question.   There cannot be and could not be any success for both of these contentions. They may win with one and a recovery in such a case will bar relief in the other, and a defeat in one case will form the basis of a recovery in the other, as has been clearly set out in the brief of the plaintiffs' attorney, and which seems to me to be a point well supported by the analysis of the pleadings.   (9 R. C. L. 962.)   A case that I have found in 20 Corpus Juris is that of *Astin* v. *Chicago, etc., R. Co.* (143 Wis. 477).   It contains an argument that supports this doctrine, it seems to me.   " It is not always possible for a party to determine the exact ground of liability.   In such circumstances, the defendant not being prejudiced for want of information regarding the injury to be redressed, there is no substantial reason why two apparent theories cannot, plaintiff acting in good faith, be joined up to such time as all reasonable uncertainty disappears as to which theory or cause of action is the correct one."   (See, also, *Henry* v. *Herrington,* 193 N. Y. 218.)   If a person sold property to one who made a transfer thereof to another without the grantee making payment for such property to the original grantor and upon the grantor bringing an action against his grantee and others for conspiracy to defraud him of property and failing, such a grantor would still not be deprived of the right to maintain an action to recover the value of the property originally transferred; nor would the original grantor be barred from maintaining the second action upon the ground that he had made an election.   (*Henry* v. *Herrington, supra,.*)   Therein GRAY, J. (at p. 221) says: " This doctrine of the election of inconsistent remedies consists in holding a party, where there is, by law, or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, to the one taken."   At best this law of the election of remedies is a severe rule and one that will not be enforced lightly.   (*Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285.)   I have concluded, therefore, that the motion of the defendant for judgment on the pleadings must be denied, with ten dollars costs.