ANNA DAVIES, Respondent, *v.* LOUIS F. STUMPF and WARREN W. STUMPF, Defendants, Impleaded with W. CLIFFORD RODERICK, Appellant.

ANNA DAVIES, Respondent, *v.* LOUIS F. STUMPF and WARREN W. STUMPF, Appellants, Impleaded with W. CLIFFORD RODERICK, Defendant.

First Department, October 31, 1941.

In the first action: *Warren W. Stumpf* of counsel [*Stumpf & Stumpf*, attorneys], for the appellant.

*Jacob Streiner* of counsel [*Ramol & Streiner*, attorneys], for the respondent.

In the second action: *Louis Bennett*, for the appellants.

*Norman D. Ramol* of counsel [*Ramol & Streiner*, attorneys], for the respondent.

GLENNON, J. The plaintiff and the defendant W. Clifford Roderick were coexecutors under the last will and codicil of Tom Rees, deceased. The codefendants, Louis F. Stumpf and Warren W. Stumpf, were the attorneys for Tom Rees during his lifetime and acted as the attorneys for the estate after his decease.

We are not concerned with the provisions of the will or the codicil other than to remark in passing that the plaintiff and the defendant Roderick were the principal legatees. In February, 1940, they entered into an agreement in writing whereby plaintiff, in consideration of the sum of $30,000 in cash, resigned as executrix, relinquished all her interest in the estate and gave a general release to the defendant Roderick.

Shortly thereafter on April 27, 1940, the plaintiff instituted a proceeding in the Surrogate's Court, New York County, to compel Roderick to account. Roderick answered setting up the settlement agreement and release and thereupon the plaintiff replied alleging that the settlement was induced by fraud.

The record shows that a full hearing was had before Surrogate FOLEY and at the conclusion the surrogate determined, in effect, that no fraud or misrepresentation was committed in the procurement of the documents which the petitioner signed and, therefore, he denied her application for an accounting. The opinion is

reported in full under the title of *Estate of Rees* (N. Y. L. J. July 15, 1940, p. 111).

A notice of appeal was served but the appeal was subsequently dismissed for lack of prosecution on the consent in writing of plaintiff, Anna Davies, on the ground " that the merits thereof were uncertain after a perusal of the minutes."

The plaintiff thereafter commenced this action for damages, alleging in substance that the defendant Roderick and the defendants Stumpf had conspired to induce her to execute the agreement bearing date February 29, 1940, and the general release dated April 1, 1940. She seeks damages in the sum of $120,000.

A motion thereafter was made by the defendants to dismiss the complaint pursuant to the provisions of subdivision 5 of rule 107 of the Rules of Civil Practice. The court denied the motion.

It is asserted by the defendants that the disposition made of the proceeding in the Surrogate's Court is a bar to the present action and, consequently, the plaintiff cannot succeed.

In so far as the defendant Roderick is concerned, we are of the opinion that the issues as to him have already been determined in the proceeding in the Surrogate's Court. Plaintiff elected to try out the questions which she seeks to have decided in the present action. A full hearing was accorded her. She is bound by the result thereof. The situation here presented as to the defendant Roderick is analogous at least to that which was before the Court of Appeals in *Hull* v. *Hull* (225 N. Y. 342). In that case the defendant John Hull, Jr., who was executor of his father's estate, filed his final accounting which in due course was settled by decree. Later a brother, Merritt Hull, commenced an action in the Supreme Court against John Hull, Jr., individually and as executor, alleging among other things that he did not receive his proportionate share of his father's estate under the will and that an assignment of his interest executed by him was obtained by fraud and misrepresentation and improperly used. It was held that the decree of the surrogate was *res judicata*. The plaintiff, Merritt Hull, was served with a citation but did not appear. In his opinion Judge HOGAN said in part: " The proceeding for a judicial settlement in the Surrogate's Court was instituted by a petition accompanied by an account of the executor which disclosed payments made by him to James and Frank Hull, including the bequest made to plaintiff for all of which he claimed credit. To justify an allowance of payment to James and Frank Hull of the plaintiff's legacy, it was essential for the defendant executor to establish title in James and Frank to such legacy and payment of same to them. Such proof was supplied by the assignment and the voucher for

payment signed by James and Frank. I have hereinbefore called attention to the rights of the plaintiff to controvert such facts upon the judicial settlement and the jurisdiction of the Surrogate's Court to determine as between plaintiff and James and Frank Hull, as well as defendant executor the title to the legacy now claimed by plaintiff in this action. Applying the rules of law above stated to the facts in this case the conclusion follows that the facts upon which plaintiff must rely to recover under the complaint in this action were material and essential to a determination of the issue involved upon the judicial settlement in the Surrogate's Court. Every fact stated in the complaint was admissible on the question of title to plaintiff's legacy upon the judicial settlement of the accounts of the executor in that court. Plaintiff cannot now retry that issue."

Unlike the plaintiff in the cited case which the Court of Appeals had under consideration, the plaintiff in this case instituted the proceeding as coexecutor, cotrustee and legatee. She appeared and gave testimony which she apparently believed would substantiate her claim of fraud against Roderick. The surrogate, as we have pointed out, held, however, that her charge was without any foundation. As a consequence the order which was entered in the Surrogate's Court is *res judicata* in this action and plaintiff's action against Roderick is barred.

In so far as the appeal of the defendants Stumpf is concerned, a different situation obtains. While the surrogate in his opinion exonerated these two defendants of any fraud in connection with the services they rendered in the preparation and procurement of the contract of settlement and the general release, still, as they were not parties to the proceeding but simply acted as witnesses and attorneys for Roderick, the order as entered does not estop the plaintiff from continuing her action against them. They had no legal right to defend, except as attorneys, or to control the proceeding or to appeal from the order entered in the Surrogate's Court. No decree could have been entered against them. They were in law, therefore, mere strangers to the proceeding even though they acted as the attorneys for Roderick. While it may be true that this plaintiff whose testimony the surrogate rejected " as false and unworthy of belief " will not ultimately succeed in obtaining a judgment, the fact remains that the adverse decision which she received in the Surrogate's Court does not bar her right to proceed in the present action as against the defendants Louis F. Stumpf and Warren W. Stumpf. (See *Fish* v. *Vanderlip*, 218 N. Y. 29.)

For the reasons assigned, the order appealed from by W. Clifford Roderick should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed as to him on the merits. The order appealed from by the defendants Louis F. Stumpf and Warren W. Stumpf in the companion appeal should accordingly be affirmed, with twenty dollars costs and disbursements, with leave to the defendants-appellants to answer within twenty days after service of order, upon payment of said costs.

In the first action: TOWNLEY and CALLAHAN, JJ., concur; MARTIN, P. J., and DORE, J.,dissent.

In the second action: MARTIN, P. J., DORE and CALLAHAN, JJ., concur; TOWNLEY, J., dissents.

MARTIN, P. J. (dissenting in part). I dissent in so far as the order appealed from by W. Clifford Roderick is reversed. I vote to affirm that order on the authority of *Collins* v. *Hydorn* (135 N. Y. 320), cited with approval in *Hellstern* v. *Hellstern* (279 id. 327).

I concur in the affirmance of the order from which Louis F. Stumpf and Warren W. Stumpf have appealed.

DORE, J., concurs.

TOWNLEY, J. (dissenting in part). I dissent in so far as the order appealed from by the defendants Stumpf is affirmed.

It was adjudicated in the surrogate's decree that no fraud had been perpetrated by the defendant Roderick. The only connection of defendants Stumpf with the transaction was that of attorney and client. The exoneration of the defendant Roderick necessarily involves exoneration of his agents, the defendants Stumpf. I can see no difference in principle between this situation and that involved in *Wolf* v. *Kenyon* (242 App. Div. 116) where it was held that a judgment in favor of the master in a negligence action was a bar to the bringing of the second action against the servant for whose acts the master was sought to be held responsible.

The orders appealed from should be reversed and the motions granted as to all defendants.

In the first action: Order reversed, with twenty dollars costs and disbursements, and the complaint dismissed on the merits.

In the second action: Order affirmed, with twenty dollars costs and disbursements, with leave to the defendants-appellants to answer within twenty days after service of order, on payment of said costs.