ANNA DAVIES, Plaintiff, v. LOUIS F. STUMPF et al., Defendants.[*]

Supreme Court, Special Term, New York County, December 4, 1942.

---

[*] Affd. 266 App. Div. 732.

*Ramol & Streiner* for plaintiff.

*Louis Bennett* for defendants, Louis F. Stumpf and Warren W. Stumpf.

HAMMER, J. The defendants, Louis F. and Warren W. Stumpf, move for summary judgment. The sole question for decision is whether a triable issue is presented. Plaintiff sues to recover damages for fraudulent representations in the inducement of an agreement and release whereby, in consideration of the sum of $30,000, she surrendered all her rights in the estate of Tom Rees, deceased, to her coexecutor and colegatee, defendant W. Clifford Roderick. The defendants Stumpf were attorneys for the estate and participated in drawing up the agreement and release.

On motion in this action by all the defendants under rule 107, subdivision 5, of the Rules of Civil Practice, for dismissal of the complaint, denied at Special Term, the Appellate Division, First Department, in an opinion (GLENNON, J.), affirmed by the Court of Appeals, dismissed the complaint against Roderick but allowed the action to be continued against the defendants Stumpf, on the ground that an existing final decree of the Surrogate's Court, holding that no fraud was perpetrated, was *res judicata* as to Roderick but not as to the Stumpfs. The Appellate Division in the opinion, in part, said: " In so far as the appeal of the defendants Stumpf is concerned, a different situation obtains. While the surrogate in his opinion exonerated these two defendants of any fraud in connection with the services they rendered in preparation and procurement of the contract of settlement and the general release, still, as they were not parties to the proceeding but simply acted as witnesses and attorneys for Roderick, the order as entered does not estop the plaintiff from

continuing her action against them." (262 App. Div. 499; affd., 288 N. Y. 702, 704.)

The proceeding in the Surrogate's Court was instituted by plaintiff to compel Roderick as her coexecutor to file his account. As his answer he set up the agreement and release. In reply, she alleged that she had been induced to sign those documents by false representations. After trial the Surrogate held that " the release alone constitutes an effective bar to her right to compel an accounting * * * that there is not the slightest credible evidence in the record of any basis of fraud or misrepresentation in the procurement of the documents which the petitioner signed * * * [that] there was no disparity between the amount of cash paid * * * and the value of the equities in the real estate * * * [that] the agreement and final settlement were, therefore, untainted by any degree of fraud or misrepresentation." (*Matter of Rees,* 177 Misc. 812.) Plaintiff's application was accordingly denied. She appealed but, on motion to dismiss for lack of prosecution, consented to dismissal, stating " that the merits thereof were uncertain after a perusal of the minutes."

In support of this motion, defendants Stumpf contend: (1) That plaintiff cannot affirm the agreement and release and maintain this action to recover damages for fraud after having elected to rescind in the proceedings in the Surrogate's Court; (2) that the final determination of the Surrogate, that Roderick did not defraud the plaintiff and did not conspire with defendants Stumpf, estops the plaintiff from asserting the contrary in this action; (3) that the determination, that the contract and release between Roderick and plaintiff were valid and " untainted by fraud " and that plaintiff has suffered no damages, precludes plaintiff from claiming otherwise now, and (4) that no cause of action can be founded in fraud, since the contract has been decreed to be valid and is not voidable.

Plaintiff instituted this action, founded upon substantially the same allegations of fraudulent representations asserted in the Surrogate's Court. As it was held that the decree of the Surrogate's Court was *res judicata* only as to Roderick and not as to the defendants Stumpf, the purport of the decision was that Roderick committed no fraud and the agreement and release were untainted by any fraud by him. (*Embury* v. *Connor,* 3 N. Y. 511, 522.) Plaintiff's cause of action has not been changed by the elimination of Roderick as a defendant, as the gravamen is fraud and damage though the complaint alleges conspiracy. (*Brackett* v. *Griswold,* 112 N. Y. 454.) Plaintiff may have a

cause of action against the present defendants, even though she might have to overcome therein the deficiency alluded to in the decision of the Surrogate. She is not precluded from trying such action merely because in the proceeding before the Surrogate against Roderick the remedy sought against him in this action was adjudicated. As she has had neither damages for fraud nor has she had rescission, recovery in this action for damages against the present defendants is not an inconsistent remedy. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316.) She is entitled to bring this action, as no judgment was rendered in her favor in the prior proceeding and defendants here were not parties there. (*Kline* v. *Myriad Pictures Corp.*, 211 App. Div. 550; affd., 240 N. Y. 667.) In any event the prior decision of no fraud warranting rescission and that the release barred a compulsory accounting is not *res judicata* here in her action against the different remaining defendants. There has been no election of remedies against these defendants. (*Elna Realty Co.* v. *Mamaquarro Apartments Corp.*, 234 App. Div. [2d Dept.] 105.)

The defendants Stumpf have suffered no legal detriment by reason of the proceeding before the Surrogate instituted by the plaintiff. (*Hill* v. *McKinley*, 254 App. Div. 283.) There would have to be some element of estoppel, and there is none here, in order to bar plaintiff from maintaining this action. An election of remedies presupposes a right to elect. (*Henry* v. *Herrington*, 193 N. Y. 218, 222.) It is simply what its name imports, a choice, shown by an overt act, between inconsistent rights, either of which may be asserted at the will of the chooser alone. (*Bierce, Ltd.*, v. *Hutchins*, 205 U. S. 340, 346.) This action is not vexatious as to the defendants Stumpf. They were not parties to the prior litigation.

" The election of remedies is largely a rule of policy to prevent vexatious litigation, and like the Statute of Limitations is somewhat arbitrary. In this State we say that where a party, knowing all the facts, elects to sue in rescission instead of for damages, he must pursue the course he has taken. Even then, if the remedy chosen be insufficient or inadequate or useless, the rule has not barred the plaintiff from taking other timely methods to obtain his rights. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *U. S.* v. *Oregon Lumber Co.*, 260 U. S. 290; *Mack* v. *Latta*, 178 N. Y. 525.) All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some

necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act.'' (*Clark* v. *Kirby,* 243 N. Y. 295, 303.)

The proceeding brought in the Surrogate's Court by plaintiff against Roderick, who alone were the parties to the agreement of settlement and the release, is not deemed an election of remedies barring this action against the present defendants. (5 Williston on Contracts [Rev. ed.] § 1528, p. 4284; Civ. Pr. Act, § 112-a; see Law Revision Commission Reports [1939] pp. 209, 243–255; [1941] pp. 310–322.)

In their contention that plaintiff has been shown to have suffered no damages, defendants rely upon the Surrogate's opinion. But the effect of that opinion in respect of the present defendants was limited by the decision of the Appellate Division. Whether plaintiff is entitled to succeed, and what damages, if any, the present defendants might be liable for, must await the outcome of the trial of this action.

The gist of the complaint is that defendants induced the contract by fraudulent representation. The fact that the Surrogate's Court determined the contract was valid as between Roderick and plaintiff does not deprive her of her cause of action against the defendants Stumpf. The validity of the contract may be tested by other proof so far as these defendants are concerned. (*Lipkind* v. *Ward,* 256 App. Div. 74, 79.) This decision does not, and is not intended to, indicate that the defendants did the things with which they are charged by plaintiff. The Surrogate's opinion, although dictum as to them, seems to indicate the contrary. The holding here merely is that on plaintiff's proof submitted on this motion, she is entitled to a trial of the issues presented.

As it appears there are issues to be tried between plaintiff and the present defendants, the motion for summary judgment is denied.