Gr. Robert Wither, J.
The parties have submitted this case for decision upon stipulated facts. It appears that on October 1, 1955 plaintiffs owned a house and lot in a Federal Housing Authority (F. H. A.) housing tract in Seneca Falls, Seneca County, subject to a mortgage in the sum of $8,240.89, and gave possession of it to defendants on that day. Thereafter on October 14, 1955 they entered into a written land contract for the sale of said premises, free and clear, by the plaintiffs to the defendants for the sum of $10,600, with interest at 4% on unpaid balances, defendants paying $250 in cash on the execution of the contract and agreeing to pay $117.05 or more upon the balance of the purchase price on November 1, 1955 and each month thereafter. Plaintiffs agreed to apply $63.05 of each such payment upon the mortgage principal and interest and the escrow payments and agreed that when the payments made had reduced the balance to the amount due at such time upon the mortgage, they would deliver a warranty deed of the property to defendants, and in any event would deliver such deed when the contract price was paid.
The contract also provided that the purchasers waived foreclosure in event of their default in making the payments, and that in such event the sellers should have the right to immediate possession without notice; and it was further provided that if purchasers “ shall fail to perform this contract, or any part of the same * * * [sellers] * * * shall, immediately after such a failure, have the right to declare the same void, and to retain whatever may have been paid on such contract, *400 and all improvements that may have been made on said premises, and may consider and treat * * * [purchasers] * * * as their tenants holding over without permission, and may take immediate possession of the premises and remove * * * [purchasers]; and all of the rights of the * * * [purchasers] * # * shall also become null, void and of no force or effect.”
Defendants made the payments as provided in the contract through July 1, 1956, but on August 1, 1956 paid only $63.05. On August 16, 1956 the parties had a talk in which defendants said they were having trouble making the payments and plaintiffs stated that their monthly obligations on the mortgage and F. H. A. note amounted to the sum of $110.85, and they agreed to accept such reduced sum each month under the contract. In only one month thereafter did defendants pay even such reduced amount, and by April, 1957 the sum of $657.07 was due under the contract.
On April 22,1957 plaintiff husband wrote to defendants advising them that the F. H. A. required that payments be made, and he stated, ‘ ‘ I am exercising the right for full and immediate payment according to the terms of our Land Contract ’ ’, but offered a discount if the amount due were paid ‘1 this week ”. He added, “ If this amount is not paid April 26, 1957, I shall have to ask your immediate removal from the house.
‘‘ Also, if the amount due remains unpaid I shall seek legal action to collect it through my lawyer and the Geneva Credit Bureau.”
On May 2, 1957 plaintiffs’ lawyer sent a letter to defendants as follows:
‘ ‘ Please take notice that you are justly indebted to Warren E. Langford and Barbara H. Langford, landlords, in the sum of $661.35 for rent of premises known as .........., which you are required to pay on or before the expiration of three days from the receipt of this notice, or deliver up possession of said premises to the said landlords, in default of which the said landlords will proceed under the statute and under the written agreement of October 14, 1955 to recover possession thereof.”
Thereafter on May 6th or 7th defendants moved out of said premises and gave the key to the caretaker of the tract.
Subsequently plaintiffs instituted this action, the complaint being verified June 14, 1957. In their answer defendants allege that plaintiffs declared the contract void under its terms, and hence that all rights under the contract are extinguished.
It seems clear that prior to plaintiffs’ letter of April 22, 1957 they had the right to sue on the contract for the unpaid past-due *401 installments of the purchase price, and they had the right, in accordance with the terms of the contract, ‘ ‘ to declare the same void, and to retain whatever may have been paid on such contract (Gorman v. Gorman, 283 App. Div. 250; Jandorf v. Smith, 217 App. Div. 150, 154; Morris v. Green, 62 App. Div. 460; 92 C. J. S., Vendor and Purchaser, § 478, subd. b, p. 452; 3 Williston on Contracts, § 746.) These remedies being inconsistent, plaintiffs could not pursue both, for one cannot rescind a contract and at the same time enforce the rescinded provisions. (Socolow v. Stone Realty Co., 128 Misc. 152; 28 C. J. S., Election of Remedies, §§ 3, 6.)
Plaintiffs presumably also had the right to do nothing, and, if defendants then abandoned the property and contract voluntarily, plaintiffs could have sued them for damages for breach of contract. (Smyth v. Sturges, 108 N. Y. 495; Matter of De Stuers, 199 Misc. 777, 780.) The present action is not of that nature. It should also be noted that this is not an action to require defendants to pay the fair rental value for the use of the premises during the period of their occupancy (see 91 C. J. S., Vendor and Purchaser, § 153), nor to repay plaintiffs’ full damages. (See 97 A. L. R. 1501, § III.)
The question before the court is, did the plaintiffs by their acts above described, elect their remedy and thus preclude themselves from the right to sue to collect the installments which were due in April, 1957. I hold that they did, that they elected to declare the contract void and they effected a forfeiture of defendants’ payments and improvements to the property, if any, and that thereby they extinguished their right to sue for past-due unpaid installments under the contract. (Armstrong v. Irwin, 26 Ariz. 1; Group v. Humboldt Quarts S Placer Min. Co., 87 Wash. 248; and cf. Matter of Berry, 196 Wash. 252.)
Plaintiffs contend that since they did not sue to dispossess defendants, the contract remains in effect. But the contract expressly provided that in the event of default plaintiffs were entitled to possession and forfeiture, and in obedience thereto and to the demands thereunder by plaintiffs personally and by their attorney, defendants surrendered the property. It is true that in the letter of April 22,1957 plaintiffs advised defendants that if they did not pay by April 26th plaintiffs wanted immediate possession and would take legal action to collect the balance due. It does not appear that the contract gave plaintiffs these two rights concurrently; and in the later letter to defendants, plaintiffs’ attorney referred to his clients as “ landlords ” and to defendants as “ tenants ” under the con *402 tract, and notified defendants of the amount which they owed under the contract and required that they pay it within three days “ or deliver up possession of said premises.” This was clearly an exercise of the plaintiffs’ right to forfeiture under the contract, and was relied upon by the defendants.
The case is made the more difficult because plaintiffs permitted defendants to remain on the premises for months after they defaulted. If it is said that this decision results in unjust enrichment to the defendants, the answer must be that the plaintiffs are the ones who permitted it by granting to defendants the leeway which they did and then taking the action which they did.
It must be borne clearly in mind that the contract was not a lease with provision for monthly payments of rent, but was a land contract to buy, under which the down payment had been made and monthly payments on the balance of the price had been made for more than a year. The court may not hold that the unpaid installments were merely in lieu of rent and that hence defendants should pay the past-due installments when they vacated. Plaintiffs, through their attorney, advised defendants that they must pay or give up possession, pursuant to the contract, and defendants chose the latter alternative. The contract contains no provision that in the event defendants surrender the contract in response to plaintiffs’ declaration and demand, defendants must also pay past-due installments under the contract. In fact it is expressly stated that in the event plaintiffs declare the contract void and take possession, 1 ‘ all of the rights of * * * [purchasers] * * * shall also become null, void and of no force or effect.” A fair construction of the contract requires the implication to be read into it that in such event all other contract rights of plaintiffs shall also become null and void.
Defendants therefore cannot be held to further liability under the contract, and the complaint is dismissed.
This is the decision of the court under section 440 of the Civil Practice Act.
Submit judgment accordingly.