CUSTODE DI BACCO et al., Doing Business as DI BACCO BROTHERS, Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 49718.)

Third Department, October 25, 1973.

*Louis J. Lefkowitz, Attorney-General (Carl Rosenbloom* and *Ruth Kessler Toch* of counsel), for appellant.

*E. Michael Di Fabio (Leslie F. Couch* of counsel), for respondents.

STALEY, JR., J. P. This is an appeal from orders of the Court of Claims, entered on November 4, 1970 and November 18, 1970, which denied a motion to dismiss the claim and a motion for reargument.

Commencing on June 22, 1966 and through June 28, 1966, the State entered upon the lands of the claimants for the purpose of making test borings in connection with the then proposed construction of the Riverfront Arterial, Interstate Route 787. While engaged in such activity, it is alleged that the State's agents destroyed a quantity of pepper plants, and prevented the irrigation of the entire area, causing a total crop loss.

On August 11, 1967, claimants filed a claim for damages to the pepper crop caused by the State's entry. This claim sounded in tort and, not having been filed within the 90-day filing requirement of subdivision 3 of section 10 of the Court of Claims Act, the court dismissed the claim and dismissed a cross motion.

On June 18, 1968, claimants filed a claim alleging that the State had made a *de facto* appropriation of a temporary easement over the lands of claimants for the purpose of making test borings and, in the process of making the tests, had damaged their pepper crop. On September 19, 1970, the State moved to dismiss this claim on the ground that it was in essence a reiteration of the prior claim which had been dismissed; that the facts alleged in the instant claim constitute a tort; and that the dismissal of the first claim was *res judi-*

*cata.* This motion was denied and a motion to reargue was also denied.

On this appeal, the State contends that the dismissal of the prior claim is *res judicata* as to the present cause of action in that it is virtually identical to the present claim except insofar as the present claim alleges a *de facto* appropriation, and that the present claim fails to state a cause of action for a *de facto* appropriation. This latter contention is based upon the assertion that the State's entry and activity was not a *de facto* appropriation. By statute, the agents of the State, when engaged in work connected with the highway system of the State, are authorized to enter upon any property for the purpose of making surveys, test pits, test borings or other investigations without the necessity of a formal appropriation. (Highway Law, § 30, subd. 17.) The statute also contemplates that damages may result from such entry. The entry of the State upon claimants' lands was thus lawful and not tortious as contended by the State.

The first claim, sounding in tort, was properly dismissed by reason of the failure to timely file, but that claim would have been fruitless in any event since no tort had been committed. The remedy being unavailable to claimants, they were not precluded from subsequently maintaining a claim in which they sought an available remedy pursuant to section 30 of the Highway Law for the *de facto* appropriation of a temporary easement and the resulting damages arising from that *de facto* appropriation. (*Henry* v. *Herrington,* 193 N. Y. 218; *Mercury Mach. Importing Corp.* v. *City of New York,* 1 A D 2d 337.)

The orders should be affirmed, with costs to claimants.

GREENBLOTT, COOKE, SWEENEY and KANE, JJ., concur.

Orders affirmed, with costs to claimants.